(May 1, 1979)

■ PAUL FRIEDLANDER, Respondent, v PABLO MORALES, Appellant.—Appeal from order, Supreme Court, New York County, entered November 16, 1977, unanimously dismissed as academic, without costs or disbursements. Order, Supreme Court, New York County, entered October 13, 1978, denying defendant's motion for renewal, is unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements, said motion granted and, upon renewal, defendant's application is granted to the extent of permitting defendant to examine the records of Dr. Harvey Greenberg and to require plaintiff to submit to a psychiatric examination within 60 days from the date of service of a copy of the order to be entered hereon with notice of entry, unless plaintiff shall stipulate in writing, within 30 days of service of a copy of the order to be entered hereon with notice of entry, that he will forego making any claim or introducing any evidence concerning emotional trauma, including impotence resulting therefrom, alleged to have been caused by the surgery. This is an action for medical malpractice brought by the plaintiff. Plaintiff claims that after he underwent surgery by the defendant, he became impotent and such condition continued until a subsequent corrective operation was performed. Defendant moved for an examination of the plaintiff's psychiatrist, for an inspection of the medical records and for a physical and psychiatric examination of the plaintiff. Plaintiff agreed to the physical examination but opposed any discovery with reference to his psychiatrist, alleging that he did not intend to produce the psychiatrist as a witness and the psychiatric testimony would not be a part of the trial. There is abundant medical evidence that the condition alleged by the plaintiff in this matter could be caused by psychosomatic or emotional problems. While an interview with, or deposition of, Dr. Greenberg would be unauthorized, (see *Cwick v City of Rochester,* 54 AD2d 1078), the defendant should have access to the records of that psychiatrist's treatment of the plaintiff relevant to the condition at issue in this action. The defendant should also be permitted to examine the plaintiff by a psychiatrist of defendant's choice. (CPLR 3121; *Koump v Smith* 25 NY2d 287.) While impotency appears to be a major aspect of the alleged sequelae of plaintiff's operation, he may elect to forego that part of his claim. Accordingly, we have afforded him the opportunity to so stipulate, as detailed above. Concur—Murphy, P. J., Kupferman, Birns, Lupiano and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MURRAY CUTLER,