■ CORNEX, INC., Respondent, v CARISBROOK INDUSTRIES, INC., Doing Business as CARISBROOK YARNS, Appellant.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 25, 1989, which, *inter alia,* denied in part defendant's motion for a protective order, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, solely to the extent appealed from, and that portion of the order which requires defendant to answer certain interrogatories and produce certain documents is vacated, with costs.

Cornex, Inc. (plaintiff) commenced a breach of contract action against Carisbrook Industries, Inc., doing business as Carisbrook Yarns (defendant) to recover damages, in the Supreme Court, New York County. The amended complaint alleges, in substance, that defendant, a commercial dyehouse, breached its agreement with plaintiff, a yarn importer, by rejecting a number of shipments of yarn from plaintiff.

Following the joinder of issue, the defendant moved to vacate plaintiff's demand for interrogatories, notice to produce, and notice of deposition. In response, plaintiff cross-moved to compel defendant to comply with said demand. By order entered October 25, 1989, the IAS court, *inter alia,* denied defendant's motion for a protective order as to the interrogatories and notice to produce. Defendant appeals.

After our review of the plaintiff's 45-page set of interrogatories, we find "[t]he relatively simple issues presented in this action do not warrant the unduly prolix, vexatious and unreasonably oppressive set of interrogatories propounded by [plaintiff]. The remedy, under such circumstances, is vacatur of the entire demand rather than successive prunings by the court" *(Woodmere Academy v Steinberg,* 51 AD2d 514, 515 [1st Dept 1976]; *Dykowsky v New York City Tr. Auth.,* 124 AD2d 465 [1st Dept 1986]).

Further, we also find plaintiff's notice to produce documents improper, since, *inter alia,* much of the information sought is already in plaintiff's possession, and irrelevant to the issues in the instant matter. Moreover the plaintiff identifies 50 of the 71 categories of documents it seeks by such words as "All" and "Any". We have repeatedly held that "when confronted with a discovery notice which failed specifically to designate the records and documents to be produced, this court has [vacated] such notice as palpably improper" *(City of New York v Friedberg,* 62 AD2d 407, 409 [1st Dept 1978]; *Rios v Donovan,* 21 AD2d 409 [1st Dept 1964]).

Accordingly, we vacate that portion of the IAS order which requires defendant to answer interrogatories and produce documents. Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.