■ Constance L'Hommedieu, Respondent, v Harvey L'Hommedieu, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered June 12, 1990, as, upon reargument, adhered to the original determination made in an order of the same court dated March 26, 1990, denying the branch of his motion which was to compel the plaintiff to furnish further medical authorizations, to produce a 1987 calendar and diary notes, and to answer certain questions propounded at a deposition.

Ordered that the appeal from so much of the order as adhered to the original determination denying that branch of the defendant's motion which was to compel the plaintiff to answer certain questions propounded at a deposition is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, by deleting therefrom the provision which adhered to so much of the determination in the order dated March 26, 1990, which denied that branch of the defendant's motion which was to compel the plaintiff to execute further medical authorizations and substituting therefor a provision granting that branch of the motion to the extent that the plaintiff shall execute authorizations for the release of the records of Ruth Maxwell, R.N., and Nicholas DePalma, M.D., for 1987, Diana Horne, M.D., and St. Mary's Hospital in Minnesota; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the plaintiff's time to execute the authorizations is extended until 10 days after service upon her attorney of a copy of this decision and order, with notice of entry.

The plaintiff alleges that the defendant punched her in the abdomen, causing her liver to hemorrhage, which in turn required surgery. In addition to physical injuries, the plaintiff alleges in her bill of particulars that the medical treatment she was forced to undergo caused her "stress" and "depression". Although she was not treated by Dr. Nicholas DePalma for the specific injuries of which she now complains, the plaintiff acknowledged at her deposition that she spoke with him in his professional capacity about her symptoms and was visited by him while hospitalized for the surgery. The plaintiff acknowledged that she was treated by nurse-counselor Ruth Maxwell for the psychological injuries she claims she sustained. The record indicates that the plaintiff received psychotherapy by Dr. Diana Horne after the incident on which this

action is based and that she was hospitalized voluntarily for alcoholism at St. Mary's Hospital shortly before it occurred. We conclude that, given the temporal proximity of these treatments, and the nature of the injuries claimed, it is probable that the records pertaining to them contain relevant evidence or information reasonably likely to lead to discovery of evidence bearing on the defense to the plaintiff's cause of action (see, Herbst v Bruhn, 106 AD2d 546, 549; see also, Allen v Crowell-Collier Publ. Co., 21 NY2d 403; see, Leichter v Cohen, 124 AD2d 710). We therefore direct that the plaintiff execute authorizations for the release of the records of these health care providers.

We conclude, however, that the defendant has failed to demonstrate the materiality of (1) records pertaining to treatments remote in time, (2) the plaintiff's notes concerning remote allegations of assault, and (3) notes made on a calendar throughout 1987 (see, Herbst v Bruhn, supra).

We decline to grant leave to the defendant to appeal from that portion of the Supreme Court's order which adhered to the prior determination declining to direct the plaintiff to answer certain questions propounded at a deposition (see, Hughson v St. Francis Hosp., 93 AD2d 491, 495).

We have considered the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.