■ ROBERT MANLEY, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. MILLAR ELEVATOR INDUSTRIES, INC., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 23, 1991, which, *inter alia,* denied third-party defendant's motion and defendant's cross-motion for discovery of plaintiff's medical records for a period of 15 years predating the accident, is unanimously affirmed, without costs.

This personal injury action, brought by the now 70-year-old plaintiff, Robert Manley, seeks damages for injuries sustained on September 23, 1981, when he stepped into an elevator in a building owned by defendant New York City Housing Authority, and maintained by third-party defendant Millar Elevator Industries, Inc., and fell into an open shaft. Plaintiff sustained injuries to his head, lower back, and lower left extremities, and was admitted to Metropolitan Hospital on an emergency basis. He remained hospitalized for seven days.

In this now decade-old lawsuit, defendant and third-party defendant (collectively "defendants") assert that there are "possible alcoholism records" which may have some bearing on the medical testimony with respect to plaintiff's neurological condition. On this basis, they seek to discover plaintiff's entire medical records for 15 years preceding the accident.

While discovery should be liberal, the information sought must be " 'material and necessary' ", and meet a test of "usefulness and reason" *(Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Here, defendants have failed to provide a foundation to warrant discovery of the extent and breadth demanded. Their motions are unaccompanied by any affidavits

from medical experts attesting to even a potential link between the injuries claimed by defendant and a history of chronic alcoholism. As such, we are presented with nothing other than "hypothetical speculations calculated to justify a fishing expedition" *(Ministers of Refm. Prot. Dutch Church v 198 Broadway,* 59 NY2d 170, 175). Moreover, assuming, arguendo, that any of the physical conditions which plaintiff attributes to his fall may bear some relationship to alcoholism, we note that the parties entered into a stipulation dated April 17, 1991, pursuant to which plaintiff provided authorizations for defendants to obtain medical records concerning his alcoholism. Such records should enable defendants' experts to reach appropriate medical conclusions, if any.

We have examined the balance of the issues raised on appeal and find them to be without merit. Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.