■ ROBERT E. CONRAD, Respondent, v JOHN H. PARK et al., Appellants. [612 NYS2d 524] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiff's motion to compel defendants (collectively, Dr. Park) to attend a further deposition limited to inquiry regarding a B-scan of the retina of plaintiff's right eye performed by another physician six months before Dr. Park's performance of the same test. The earlier B-scan is relevant with respect to plaintiff's contentions that Dr. Park failed to perform appropriate diagnostic tests timely and failed to diagnose a retinal detachment properly and timely *(see, McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 29-30; *Harley v Catholic Med. Ctr.,* 57 AD2d 827). Supreme Court properly conditioned the deposition of Dr. Park upon his prior receipt of the B-scan and in limiting the deposition

questions to those "related to the Scan itself and questions that flow directly therefrom".

Supreme Court erred, however, in granting plaintiff's motion to compel Dr. Park to produce his schedule of cataract surgery for the years 1980 through 1985. Plaintiff has made no claim arising out of Dr. Park's performance of cataract surgery; the schedule of his cataract surgery, therefore, has no relevance to plaintiff's claim. A party's right to discovery is not unlimited *(Butterman v Macy & Co.,* 33 AD2d 746, *affd* 28 NY2d 722; *Kenford Co. v County of Erie,* 55 AD2d 466), and may be curtailed where it may become an unreasonable annoyance and tend to harass and overburden the other party *(Richards v Pathmark Food Store,* 112 AD2d 360). The test is one of "usefulness and reason" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Furthermore, we note that Dr. Park has already produced his surgical records for corneal transplants and glaucoma surgery for 1980-1985, as well as his complete records of plaintiff's appointments *(see, Cornex, Inc. v Carisbrook Indus.,* 161 AD2d 376).

Supreme Court further erred in denying Dr. Park's cross motion to compel plaintiff to execute authorizations for medical records from plaintiff's orthopedist regarding treatment for a rotator cuff injury. In light of plaintiff's claimed damages for "alteration in performance of activities of daily living", "loss of enjoyment of life", and "early retirement in 1984" because of disability, the records of plaintiff's previous shoulder injury may lead to relevant evidence bearing on plaintiff's claim for damages *(see,* CPLR 3101 [a]; *L'Hommedieu v L'Hommedieu,* 183 AD2d 754, 755; *see also, McGuane v M.C.A., Inc.,* 182 AD2d 1081, 1083).

We modify the order appealed from, therefore, by granting defendants' cross motion to compel plaintiff to execute authorizations for medical records from plaintiff's orthopedist regarding treatment for a rotator cuff injury, and by denying plaintiff's motion to compel Dr. Park to produce his schedule of cataract surgery for the years 1980 through 1985. (Appeal from Order of Supreme Court, Erie County, Gossel, J.—Discovery.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.