■ JADE NAPOLEONI et al., Respondents, v UNION HOSPITAL OF THE BRONX et al., Defendants, and SUSHILA GUPTA et al., Appellants. [616 NYS2d 38] —Orders of the Supreme Court, Bronx County (Bertram Katz, J.) entered on or about October

27, 1992, January 13, 1993, on or about January 28, 1993 and June 18, 1993 which, *inter alia,* denied motions by defendants Sushila Gupta, M.D. and Geraldine Ahneman, M.D. for discovery, including further deposition of plaintiff, Rosemarie Carreras, except to the extent of directing disclosure of her sonograms and granting in camera inspection of her records of treatment for substance abuse, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing that the following documents be turned over to defendants: from Daytop Village, 1) the initial interview form dated 8/19/91, and 2) the intake evaluation form dated 9/11/91; from St. Barnabas Hospital, 1) the closing summary dated 7/23/91, 2) the psycho-social history form dated 3/26/91 and, 3) the progress notes dated 1/7/91 and, in addition, reversing so much thereof as precludes further deposition of plaintiff Carreras with respect to her substance abuse during the period of her pregnancy and, except as so modified, affirmed, without costs.

The complaint in this action, commenced in June 1988, alleges negligence on the part of the hospital and defendant doctors in connection with the prenatal care, labor and delivery of plaintiff Jade Napoleoni. Jade was born with severe abnormalities as a result of placental abruption. Following the pretrial deposition of Rosemarie Carreras, it was learned that she abused crack cocaine and that, as a result, she had lost custody of her five children, including Jade. Articles and medical studies submitted by defendants indicate that there is a high risk of abruptio placenta associated with cocaine use during pregnancy. Plaintiff claims that she did not develop a substance abuse problem until after Jade was born.

Defendants sought records of treatment of Carreras for substance abuse in connection with their defense. Supreme Court ordered that various treatment records be furnished to the court (order entered on or about October 27, 1992) and, following in camera inspection, determined that the records of Daytop Village, Inc. (order entered January 13, 1993) and St. Barnabas Hospital (order entered on or about January 28, 1993) contained no information material and necessary to this action. The court also denied respective applications by Drs. Gupta and Ahneman (order entered June 18, 1993) to dismiss the complaint pursuant to CPLR 3126 for failure to comply with discovery requests or, in the alternative, insofar as relevant herein, to compel plaintiff Carreras to provide autho-

rization for the release of records maintained by social workers she consulted. Plaintiffs characterize the disclosure sought by defendants as a "fishing expedition", while defendants maintain that plaintiffs have placed their medical condition in issue and are required to furnish records and any necessary authorizations.

By commencing this action, plaintiff Carreras has placed her physical and mental condition in controversy *(Kaplowitz v Borden, Inc.,* 189 AD2d 90, 92-93). Where prenatal injury is involved, the physician-patient privilege is waived with respect to the period the child is *in utero (Herbst v Bruhn,* 106 AD2d 546, 548; *Scharlack v Richmond Mem. Hosp.,* 102 AD2d 886, 888). No argument has been advanced that discovery should be restricted to avoid undue harm to plaintiff Carreras or any other person, and there is a strong presumption in favor of enforcing disclosure of relevant material (CPLR 3101; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 463; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 407). Where records of a sensitive and confidential nature relate to the injury sued upon, disclosure is warranted *(Zydel v Manges,* 83 AD2d 987; *Friedlander v Morales,* 70 AD2d 501).

Our review of the records furnished by Daytop Village, Inc. and St. Barnabas Hospital discloses references to substance abuse contemporaneous with plaintiff Carreras's pregnancy. The interests of justice in a fair disposition of this dispute outweigh the need for confidentiality (Mental Hygiene Law § 33.13), and a court order in aid of discovery is warranted (Mental Hygiene Law § 23.05 [c]). Likewise, good cause is demonstrated pursuant to Public Health Service Act § 527 (now encompassed by 42 USC § 290dd-2) and the regulations promulgated thereunder (42 CFR 2.64 [d]). The record sufficiently demonstrates that the public interest outweighs any potential injury to the patient, the physician-patient relationship or the treatment services. Discovery is sought with respect to causation of the injury alleged, and is not pursued merely to obtain material which is cumulative or to be employed for purposes of impeachment *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Guiliana S.] v David R. S.,* 55 NY2d 588, 595). The Court has examined the subject records and has limited disclosure to information essential to the litigation (42 CFR 2.64 [e]).

Defendants have not substantiated that plaintiff Carreras was counseled by any social worker during the time she was pregnant with plaintiff Jade Napoleoni. Therefore, this Court is in agreement with the assessment of Supreme Court that

the disclosure sought with respect to records of any consultations with social workers amounts to no more than a fishing expedition. Concur—Rosenberger, J. P., Kupferman, Ross and Rubin, JJ.