■ THERESA CODDINGTON, Respondent, v JOHN R. LISK et al., Defendants, and RICHARD LISK et al., Appellants. [671 NYS2d 826] —Mikoll, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered February 24, 1997 in Ulster County, which denied a motion by various defendants to compel plaintiff to execute an authorization for the release of medical records.

Plaintiff commenced this action seeking damages for personal injuries she allegedly sustained when the automobile in which she was a passenger was involved in an accident. During discovery, defendants Richard Lisk, Genevieve Lisk and the New York Central Mutual Fire Insurance Company (hereinafter collectively referred to as defendants) requested a medical authorization to obtain plaintiff's medical records from the Ulster County Methadone Program. Plaintiff refused, contending that the records from the Methadone Program were not discoverable because they contain information regarding her health history (which they allege are not discoverable under New York Law because the records may include the results of an HIV test). Thereafter, defendants moved for an order precluding plaintiff from offering evidence pertaining to damages or, in the alternative, compelling plaintiff to provide the medical authorizations for the Methadone Program records. Supreme Court, finding that the records at issue were not material and necessary to the defense of plaintiff's action, denied defendants' motion. Defendants now appeal.

"Pursuant to CPLR 3121, a party who places his or her physical or mental condition 'in controversy' may be compelled to provide written authorizations for the discovery of relevant [medical] records" (*McGoldrick v Young Health Ctr.*, 144 AD2d 156, 156-157 [citations omitted]; *see, Dillenbeck v Hess*, 73 NY2d 278, 286-287; *Syron v Paolelli*, 238 AD2d 710, 710-711). Pursuant to CPLR 3101 (a), which is to be liberally construed, there should be "full disclosure of evidence which is 'material and necessary' to the prosecution or defense of an action" (*Santiago v Pyramid Crossgates Co.*, 243 AD2d 955, 956, quoting CPLR 3101 [a]) and " 'of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Allegretti-Freeman v Baltis*, 205 AD2d 859, 860, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d

403, 406). We note that no argument has been advanced that discovery would cause undue harm to plaintiff. There is a strong presumption of disclosing all relevant material (*see,* CPLR 3101). Notwithstanding Supreme Court's broad discretion, under the circumstances presented here we find that the court erred in denying defendants' request to compel plaintiff to execute an authorization for records pertaining to her Methadone Program records.

Plaintiff seeks damages for, *inter alia,* alleged "permanent weakness and instability", "permanent effect of pain" and "loss of enjoyment of life" resulting from the incident. Inasmuch as plaintiff's drug addiction records may be useful in preparation for trial and "may lead to relevant evidence bearing on plaintiff's claim for damages" (*Conrad v Park,* 204 AD2d 1011, 1012; *see, Napoleoni v Union Hosp.,* 207 AD2d 660), we conclude that such evidence should be disclosed (*see, Conrad v Park, supra; Napoleoni v Union Hosp., supra; L'Hommedieu v L'Hommedieu,* 183 AD2d 754; *Zydel v Manges,* 83 AD2d 987; *Johnson v National R. R. Passenger Corp.,* 83 AD2d 916).

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.