■ JANE DOE, Respondent, v MERCK & Co., INC., et al., Appellants, et al., Defendants. [725 NYS2d 356] —In an action to recover damages for defamation, the defendants Merck & Co., Inc., and Harrison & Star, Inc., appeal from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated March 6, 2000, which denied their application for a subpoena duces tecum to compel the release of samples of the plaintiff's blood from two hospitals where they were stored, and (2) an order of the same court dated May 31, 2000, which granted that branch of the plaintiff's motion which was to impose a sanction on them for spoliation of evidence.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff's photograph was used by the defendant Merck & Co., Inc. (hereinafter Merck), a pharmaceutical company, and Harrison & Star, Inc., an advertising agency, in an educational brochure about the HIV virus entitled "HIV: Getting the Facts." The plaintiff's photograph was also used in a brochure entitled "Sharing Stories," which contained photographs and biographies of HIV-positive individuals, for the purpose of promoting Merck's pharmaceutical products. The

biography aligned with the plaintiff's photograph in the "Sharing Stories" brochure indicated that she receives treatment for herpes. The plaintiff commenced this action alleging that her photograph was used without her consent for a commercial, not an educational, purpose, and that she was defamed by, *inter alia*, the inference that she has herpes.

The appellants answered and sought subpoenas to obtain samples of the plaintiff's blood from two hospitals where they had been stored for unrelated reasons prior to the creation of the "Sharing Stories" brochure. While truth is an absolute defense to a claim of defamation (*see, Carter v Visconti*, 233 AD2d 473), the appellants failed to justify disclosure by establishing through scientific or medical evidence that the stored blood samples, drawn in 1996, would contain evidence that the plaintiff had herpes at the time of the alleged defamation in 1997 (*see*, CPLR 3101 [a] [4]; *L'Hommedieu v L'Hommedieu*, 183 AD2d 754, 755; *Herbst v Bruhn*, 106 AD2d 546, 549-550; *Greene v Aberle*, 150 Misc 2d 306, 308).

The Supreme Court providently exercised its discretion in precluding the appellants from showing that the "Sharing Stories" brochure is educational in light of Merck's destruction of "approval sheets" requested by the plaintiff. A trial court is vested with broad discretion in supervising disclosure, and its determination that a sanction is warranted will not be disturbed absent an improvident exercise of that discretion (*see, Lamagna v New York State Assn. for Help of Retarded Children*, 222 AD2d 559, *Eagle Star Ins. Co. v Behar*, 207 AD2d 326; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579). Friedmann, J. P., Goldstein, Feuerstein and Crane, JJ., concur.