■ DIANE DEL TERZO et al., Respondents, v HOSPITAL FOR SPECIAL SURGERY et al., Appellants. [944 NYS2d 79]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered November 5, 2010, which, insofar as appealed from as limited by the briefs, denied defendants' motion to preclude plaintiff from offering evidence of future damages at trial or, in the alternative, to compel plaintiff to authorize the release of confidential information, unanimously affirmed, without costs.

The underlying motion pursuant to CPLR 3124 and 3126 stems from plaintiff's refusal to authorize the release of HIV-related information, alcohol/drug treatment information and mental health information. Defendants argue that this information has a bearing on plaintiff's life expectancy and is therefore material to plaintiff's claims for future damages. Defendants generally rely on CPLR 3101 (a) insofar as it provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action." Plaintiff opposes defendant's arguments, invoking the protections of confidentiality afforded by Public Health Law § 2785 (2) and Mental Hygiene Law §§ 22.05 and 33.13.

Where pertinent, Public Health Law § 2785 (2) (a) gives a court discretion to grant an application for the disclosure of confidential HIV-related information upon a showing of "a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding." Citing CPLR 3101 (a), defendants argue that plaintiff's medical records are material and necessary in the defense of this action because plaintiff has placed her life expectancy in controversy. Defendants therefore claim to have made a prima facie showing of a compelling need for disclosure. Defendants' argument appears to be based on the premise that a "compelling need" under Public Health Law § 2785 (2) can be established by a showing that the information they seek is "material and necessary" within the purview of CPLR 3101 (a). The argument is flawed for the following reasons.

Public Health Law § 2785 (1) provides: "Notwithstanding any other provision of law, no court shall issue an order for the disclosure of confidential HIV related information, except . . . in accordance with the provisions of this section." Such a "notwithstanding" clause in a statute operates as an exception to the provisions of law referenced in the clause (*Engweiler v Board of Parole and Post-Prison Supervision*, 343 Or 536, 544, 175 P3d 408, 413 [2007] [internal quotation marks omitted]). By operation of the "notwithstanding" clause in Public Health

Law § 2785 (1), all other provisions of law, including the "material and necessary" standard under CPLR 3101 (a), are explicitly preempted by the "compelling need" standard under Public Health Law § 2785 (2) (*see e.g. Matter of Melendez v Wing*, 8 NY3d 598, 609-610 [2007]; *Matter of State of New York v Zimmer*, 63 AD3d 1563, 1563-1564 [2009]). Therefore, as a matter of statutory construction, we reject defendants' attempt to equate the two. We further note that defendants have not otherwise made a showing of a compelling need for HIV-related information in this medical malpractice case which does not involve any claim relating to an HIV infection (*compare Matter of Plaza v Estate of Wisser*, 211 AD2d 111 [1995] [compelling need for disclosure found in an action against the estate of a decedent who allegedly infected the plaintiff with the AIDS virus]). Nor have defendants even suggested, on the basis of the medical records provided, that there is any history of HIV or AIDS. Indeed, defendants seem to be engaged in a fishing expedition.

Mental Hygiene Law § 22.05 provides that the records of a person who receives chemical dependence services shall be released only in accordance with Mental Hygiene Law § 33.13 and another section that is not relevant to this appeal. The pertinent part of section 33.13 (c) (1) provides that mental health information shall not be released except "upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality." As a general matter, disclosure is warranted where records of a sensitive and confidential nature relate to the injury sued upon (*see Napoleoni v Union Hosp. of Bronx*, 207 AD2d 660, 662 [1994]). In *Napoleoni* we allowed discovery of treatment records pertaining to a mother's substance abuse during her pregnancy in a medical malpractice action brought on claims of negligence in prenatal care, labor and the delivery of a baby (*id.*). The interests of justice standard under Mental Hygiene Law § 33.13 has not been met in this case where defendants seek the disclosure of confidential records on the basis of nothing more than a generalized assertion that substance abuse and mental illness can affect a person's level of stress, ability to work and life expectancy. Concur—Andrias, J.P., DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 33120(U).]**