Plaintiff claims that he sustained physical injuries when he slipped and fell on a staircase in a building owned by defendant. Plaintiff alleged in his supplemental bill of particulars that his injuries “are believed to be permanent in their nature and/or consequences.” Plaintiff, who was unemployed at the time of the incident, also alleged that he believed that the accident caused him to be incapacitated from employment and that such incapacitation would be permanent.
At a discovery status conference, defendant requested that the court order plaintiff to authorize the release of his records from Lincoln Medical and Mental Health Center, where plaintiff was treated after the accident, relating to plaintiffs “substance abuse and/or substance treatments.” The court denied the request. Plaintiff subsequently executed an authorization form and served it on defendant, but declined to check the boxes on the form specifically permitting inspection of records related to alcohol and drug treatment, mental health information and HIV-related information.
Defendant moved to compel plaintiff to authorize the release of such health information. In the alternative, defendant requested an in camera inspection of plaintiffs Lincoln Hospital records, to be attended by the parties, or permission to serve a judicial subpoena directing Lincoln Hospital to produce such records. In support of the motion, counsel asserted that plaintiff had “admitted at his deposition that he has a drug and alcohol history for which he has received treatment in detoxification programs” and that plaintiff had “received such treatment before and after the subject incident.” However, counsel failed to attach a deposition transcript or any other documents establishing those facts. Counsel argued that plaintiffs alleged history of substance abuse raised doubt as to the cause of his fall. He further contended that plaintiff’s alleged substance abuse could “have an effect on his prognosis, present health condition, and future medical care.” He did not assert that *498 plaintiff was HIV-positive, nor did he address why that would be relevant to the litigation.
Plaintiff cross-moved for a protective order precluding production of his protected health information. In an affirmation, plaintiffs counsel argued that plaintiff had not put his mental health or any treatment for substance abuse or HIV at issue, and, as such, was entitled to a protective order against disclosure of such information. Plaintiffs counsel asserted that none of plaintiffs Lincoln Hospital medical records suggested that he had been under the influence of alcohol, drugs, or had HIV at the time of the accident, or that substance use hindered his ability to be treated medically and heal from his injuries. Plaintiffs counsel reported that, “given the nature of the hospital admissions, treatments, and quantity of records,” Lincoln Hospital “could not redact or otherwise separate records pertaining to [protected health information] and produce only those records unrelated to such conditions.” Counsel asserted that, in order to facilitate plaintiffs deposition, he had obtained and reviewed all of plaintiffs Lincoln Hospital medical records, and had produced “the few records that did not disclose “privileged [health] information.” Counsel further noted that, during his deposition, plaintiff had denied drinking alcohol or using illegal drugs within the 24 hours preceding his accident. Counsel also argued that defendant’s alternative request for an in camera inspection of plaintiffs medical records, to be attended by the parties, was improper and against the very purpose of in camera review. Conversely, counsel acknowledged that issuance of a subpoena duces tecum to Lincoln Hospital was appropriate, but requested that the subpoena direct Lincoln to produce any records to the court for its review. The court denied defendant’s motion and granted plaintiffs cross motion for a protective order.
The burden of proving that a party’s mental or physical condition is in controversy, for purposes of obtaining relevant hospital records, is on the party seeking the records (Koump v Smith, 25 NY2d 287, 300 [1969]). In Koump, the plaintiff sought records that would establish that the defendant was operating his vehicle under the influence of alcohol at the time of the accident. The Court, in declining to order production of the records, stated as follows: “In the instant case, it is clear that the record developed below was not sufficient to support a conclusion that the defendant’s physical condition is in controversy. The only support for the motion is the affidavit of the plaintiff’s attorney. That affidavit, which does not appear to be based upon personal knowledge, contains no facts; it merely refers the court to the *499 allegations of the complaint and concludes that defendant was intoxicated because a police report indicates that this was so. However, neither the police report nor a policeman’s affidavit nor a doctor’s affidavit is attached to the moving papers. Indeed, there is no competent evidence in the record to show whether defendant was even confined in Nyack Hospital or whether a blood test was taken” (id.).
Similarly in this case, it is impossible to tell from defendant’s submissions, also consisting almost exclusively of the affirmation of an attorney not claiming to have personal knowledge, whether plaintiff has a drug or alcohol dependency or whether he has HIV Defendant’s counsel asserted that plaintiff admitted in his deposition that he had been treated for addiction, but he failed to annex the transcript so it is impossible for us to independently evaluate it. The affirmation was completely silent on the issue of HIV Further, simply because plaintiff’s counsel represented in his submission that Lincoln Hospital could not feasibly redact information concerning chemical dependency and HIV status from plaintiffs records does not establish that plaintiff had a substance abuse problem or was HIV-positive.
In any event, even if defendant had established that plaintiff suffered from chemical dependency and mental illness and had HIV the requested discovery would not be warranted. Defendant failed to submit an expert affidavit or any other evidence that would establish a connection between those conditions and the cause of the accident, nor did he make any effort to link those conditions to plaintiffs ability to recover from his injuries or his prognosis for future enjoyment of life (see Del Terzo v Hospital for Special Surgery, 95 AD3d 551 [1st Dept 2012]; Manley v New York City Hous. Auth., 190 AD2d 600, 600-601 [1993]). Without such support, “we are presented with nothing other than ‘hypothetical speculations calculated to justify a fishing expedition’ ” (Manley, 190 AD2d at 601). Concur — Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.