■ SANTIAGO GOUGH, Respondent, v PANORAMA WINDOWS, LTD., et al., Appellants. [19 NYS3d 169]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 12, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate plaintiff's note of issue and to compel disclosure of plaintiff's methadone treatment records and cellular telephone records, unanimously affirmed, without costs.

The court providently exercised its discretion in denying defendants' motion (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]). Defendants failed to show that plaintiff's methadone treatment records "relate to the injury sued upon" (*Del Terzo v Hospital for Special Surgery*, 95 AD3d 551, 553 [1st Dept 2012]). On appeal, plaintiff states that to the extent his bill of particulars (which is not included in the record on appeal) can be viewed as claiming mental injuries apart from physical injuries, he withdraws those claims. In addition, defendants failed to submit any evidence of a causal link between plaintiff's methadone use and the motor vehicle accident at issue (*see Budano v Gurdon*, 97 AD3d 497, 499 [1st Dept 2012]). Nor did defendants show "that the interests of justice significantly outweigh the need for confidentiality" (Mental Hygiene Law § 33.13 [c] [1]; *Del Terzo*, 95 AD3d at 553).

Defendants' speculative assertions that plaintiff may have been using his cell phone at the time of the accident are insufficient to warrant disclosure of plaintiff's cell phone records (*Carpio v Leahy Mech. Corp.*, 30 AD3d 554, 555 [2d Dept 2006]; *see also Manley v New York City Hous. Auth.*, 190 AD2d 600, 600-601 [1st Dept 1993]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ.