Del Grosso v Jimmy Jazz Staten Is., LLC (2021 NY Slip Op 00007)





Del Grosso v Jimmy Jazz Staten Is., LLC


2021 NY Slip Op 00007


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 152912/16, 595978/17 Appeal No. 12769N Case No. 2020-02428 

[*1]Vincent Del Grosso, Plaintiff-Appellant,
v
Jimmy Jazz Staten Island, LLC, Defendant, General Growth Properties Inc., et al., Defendants-Appellants.
GGP Staten Island Initially Sued Herein as General Growth Properties, Inc. et al., Third-Party Plaintiffs-Respondents,
v
All-Rite Construction Company, Inc. et al., Third-Party Defendants-Respondents.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Michael E. Shay of counsel), for General Growth Properties, Inc. and General Growth Services, Inc., respondents.
O'Connor Redd Orlando LLP, Port Chester (Lauren Creegan of counsel), for K & R Electric Company, Inc., respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 19, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of third-party defendant K&R Electric Company, Inc. (K&R) to compel plaintiff to provide authorizations for his substance abuse and mental health treatment records and denied plaintiff's cross-motion for a protective order precluding disclosure of those records, unanimously affirmed, without costs.
Plaintiff alleges that as a result of an accident in which an object fell on his head from above, he sustained, as relevant here, a traumatic brain injury with resulting cognitive impairments and experienced post-traumatic stress disorder, depression, mood swings, loss of sense of self, and anxiety, among other things. The motion court providently exercised its discretion when it directed disclosure of plaintiff's substance abuse and mental health treatment records. Plaintiff put his mental condition in issue such that the interests of justice significantly outweighed the need to maintain confidentiality of those records by alleging that he sustained cognitive and psychological injuries impairments (see Castro v Admar Supply Co., Inc., 159 AD3d 1616, 1619 [4th Dept 2018]; Rothstein v Huh, 60 AD3d 839, 839 [2d Dept 2009]; Rosen v MHM Realty LLC, 166 AD3d 428 [1st Dept 2018]; see generally Mental Hygiene Law § 33.13[c][1]; cf. Del Terzo v Hospital for Special Surgery, 95 AD3d 551 [1st Dept 2012]; Gough v Panorama Windows Ltd., 133 AD3d 526 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021