Akel v Gerardi (2021 NY Slip Op 02216)





Akel v Gerardi


2021 NY Slip Op 02216


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 805364/15 Appeal No. 13554 Case No. 2019-04418 

[*1]Alexander Akel, Plaintiff-Respondent,
v
Leonard Gerardi, M.D., et al., Defendants-Appellants.


Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for appellants.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 9, 2019, which denied defendants' motion to compel plaintiff to produce HIPAA-compliant authorizations for mental health records, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted.
In this medical malpractice action, plaintiff seeks to recover for injuries allegedly caused as a result of defendants' negligence in performing surgeries to treat plaintiff's heart condition. Plaintiff claims injuries including shortness of breath, chest pain and tightness, dyspnea, heart palpitations, tachycardia, dizziness, nausea, insomnia, fatigue, maralgia paresthetica, and "difficulty with activities of daily living." Defendants contend that many of these complaints predated their treatment of plaintiff and stemmed not from this treatment but from various underlying mental health conditions. Specifically defendants point to evidence in the record that plaintiff had been diagnosed with various psychological conditions before the subject surgeries; that these psychological conditions were linked to several of the complained-of conditions; that plaintiff complained of at least some of these conditions before the alleged malpractice occurred; and that subsequently doctors were unable to locate a nonpsychological explanation for these conditions. We find that this evidence is sufficient to warrant discovery as to whether or to what extent these underlying psychological conditions, and not the alleged malpractice, caused the complained-of injuries (see Brito v Gomez, 33 NY3d 1126 [2019]; Shamicka R. v City of NY, 117 AD3d 574, 575 [1st Dept 2014]; Green v City of New York, 281 AD2d 193 [1st Dept 2001]; Friedlander v Morales, 70 AD2d 501 [1st Dept 1979]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021