Bay Head, Inc. v New York State Dept. of Envtl. Conservation (2021 NY Slip Op 06145)





Bay Head, Inc. v New York State Dept. of Envtl. Conservation


2021 NY Slip Op 06145


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-03562
 (Index No. 33045/13)

[*1]Bay Head, Inc., et al., appellants, 
v
New York State Department of Environmental Conservation, et al., respondents.


J. Lee Snead, Bellport, NY, for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Mark H. Shawhan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring, among other things, that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the defendant New York State Department of Environmental Conservation are unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that the plaintiff Bay Head, Inc., is entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Bay Head, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, that the plaintiff Doxsee Sea Clam Company, Inc., is entitled to a continued Individual Fishing Quota allocation of 2/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Doxsee Sea Clam Company, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, and that the plaintiff Winter Harbor Brands, Inc., is entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Winter Harbor Brands, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 9, 2018. The order granted the defendants' motion for summary judgment dismissing the amended complaint and, in effect, declaring that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the defendant New York State Department of Environmental Conservation are not unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that the plaintiff Bay Head, Inc., is not entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Bay Head, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, that the plaintiff Doxsee Sea Clam Company, Inc., is not entitled to a continued Individual Fishing Quota allocation of 2/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Doxsee Sea Clam Company, Inc., or other industry participants leave the New York State Atlantic Ocean Surf [*2]Clam/Ocean Quahog fishery, and that the plaintiff Winter Harbor Brands, Inc., is not entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Winter Harbor Brands, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, and denied the plaintiffs' cross motion for summary judgment on the causes of action for declaratory and injunctive relief.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the defendant New York State Department of Environmental Conservation are not unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that the plaintiff Bay Head, Inc., is not entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Bay Head, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, that the plaintiff Doxsee Sea Clam Company, Inc., is not entitled to a continued Individual Fishing Quota allocation of 2/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Doxsee Sea Clam Company, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery, and that the plaintiff Winter Harbor Brands, Inc., is not entitled to a continued Individual Fishing Quota allocation of 3/22 of the total annual harvest quota established by the defendant New York State Department of Environmental Conservation until either Winter Harbor Brands, Inc., or other industry participants leave the New York State Atlantic Ocean Surf Clam/Ocean Quahog fishery.
The plaintiffs Bay Head, Inc. (hereinafter Bay Head), Doxsee Sea Clam Company, Inc. (hereinafter Doxsee), Winter Harbor Brands, Inc. (hereinafter Winter Harbor), SMJ Products Corp., and Verbeke, Inc., are commercial fishing companies participating in the Atlantic Ocean Surf Clam/Quahog fishery (hereinafter the Fishery). The plaintiff Coalition of Long Island Surf Clammers (hereinafter the Coalition) is an industry group made up of 15 of the 17 companies participating in the Fishery.
In 2010, there were 22 eligible vessels in the Fishery. The defendant New York State Department of Environmental Conservation (hereinafter the DEC) allocated each eligible vessel in the Fishery an annual Individual Fishing Quota (hereinafter IFQ), which was an equally divided share of the total allowable harvest in that year (see 6 NYCRR 43-2.6[b]; Amendment 1 to the Fishery Management Plan for the Mechanical Harvest of the Atlantic Surfclam in New York State Waters of the Atlantic Ocean § 2.2.2). The DEC regulations also provided that "[t]he IFQ assigned to an eligible [surf clam] vessel shall be nontransferable and each vessel can only be used to catch one quota allocation" (6 NYCRR 43-2.6[b]). In 2011, 16 of the then-17 participants in the Fishery requested that the New York State Legislature amend ECL 13-0309, the underlying statute on surf clam harvesting, to permit transferability and consolidation of IFQs. In response, the Legislature added ECL 13-0309(15), allowing part or all of one vessel's IFQ to be leased to another vessel, and ECL 13-0309(16), allowing an owner of multiple vessels to consolidate the IFQs onto one vessel (hereinafter together the 2011 Amendments). The 2011 Amendments contained "sunset" provisions stating that as of December 31, 2013, they would be deemed repealed.
In 2013, the plaintiffs commenced this action against the DEC and the defendant Joseph Martens, in his capacity as DEC Commissioner, seeking injunctive and declaratory judgment relief from certain provisions of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the DEC. The plaintiffs alleged that the provisions improperly altered the method of allocating the amount of surf clams that could be taken by each participant in the Fishery for the year 2014, and contested the method by which their annual share of the total annual harvest limit of surf clams was recalculated by the DEC pursuant to 6 NYCRR 43-2.3(h) and 43-2.6(b), beginning with that harvest. Additionally, the plaintiffs sought permanent injunctive relief prohibiting the DEC from changing the method of surf clam allocations from what [*3]had been allowed in prior harvest years under the 2011 Amendments. Further, the plaintiffs alleged that Bay Head, Doxsee, and Winter Harbor are entitled to continued IFQ allocations of 3/22, 2/22, and 3/22, respectively.
The defendants moved for summary judgment dismissing the amended complaint and, in effect, declaring that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the DEC are not unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that Bay Head is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the DEC until either Bay Head or other industry participants leave the Fishery, that Doxsee is not entitled to a continued IFQ allocation of 2/22 of the total annual harvest quota established by the DEC until either Doxsee or other industry participants leave the Fishery, and that Winter Harbor is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the DEC until either Winter Harbor or other industry participants leave the Fishery. The plaintiffs cross-moved for summary judgment on the causes of action for declaratory and injunctive relief. In an order dated January 9, 2018, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint and, in effect, declaring that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the DEC are not unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that Bay Head is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the DEC until either Bay Head or other industry participants leave the Fishery, that Doxsee is not entitled to a continued IFQ allocation of 2/22 of the total annual harvest quota established by the DEC until either Doxsee or other industry participants leave the Fishery, and that Winter Harbor is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the DEC until either Winter Harbor or other industry participants leave the Fishery. The defendants demonstrated that the DEC's regulations allocating an equal share of the annual surf clam harvest limit to each eligible vessel became effective January 1, 2010 (see 6 NYCRR 43-2.3[h]; 43-2.6[b]). The defendants established that the request for larger shares sought by Bay Head, Doxsee, and Winter Harbor, as owners of multiple vessels, was based upon the 2011 amendments, which expired as of December 31, 2013.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the subject regulations were not repealed by the 2011 amendments to ECL 13-0309 that were in effect from 2011 through 2013. Although the 2011 amendments contained a "notwithstanding" clause, such a clause operates as an exception to the provisions of law referenced in the clause (see Del Terzo v Hospital for Special Surgery, 95 AD3d 551, 552-553), and does not repeal any provisions of law. Since the DEC preexisting regulations were never repealed, there was no need for specific revival or reverter language in the statute, or for the regulations to be promulgated again by the DEC.
Contrary to the plaintiffs' contention, a November 2013 informational memorandum issued by the DEC did not change the method by which the plaintiffs' shares of surf clams would be allocated. The DEC was not required to comply with the State Administrative Procedure Act in issuing the memorandum, which did not make any changes to the existing regulations.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion and denied the plaintiffs' cross motion. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that sections 2 and 3 of the New York State Atlantic Ocean Surf Clam Fishery 2014 Harvest and Management Provisions issued by the DEC are not unconstitutional, invalid, and unenforceable as those sections relate to the establishment of surf clam allocations for industry participants, that Bay Head is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the [*4]DEC until either Bay Head or other industry participants leave the Fishery, that Doxsee is not entitled to a continued IFQ allocation of 2/22 of the total annual harvest quota established by the DEC until either Doxsee or other industry participants leave the Fishery, and that Winter Harbor is not entitled to a continued IFQ allocation of 3/22 of the total annual harvest quota established by the DEC until either Winter Harbor or other industry participants leave the Fishery (see Lanza v Wagner, 11 NY2d 317, 334).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court