Badia v City of New York (2023 NY Slip Op 01582)

Badia v City of New York

2023 NY Slip Op 01582

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Friedman, J.P., Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 304153/15 Appeal No. 17577 Case No. 2021-04264 

[*1]Eddie Badia, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Sgt. Neil Nappi etc., et al., Defendants.

Beldock Levine & Hoffman LLP, New York (David B. Rankin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 6, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel complete responses to his supplemental interrogatories and document demands, limited future discovery requests to incidents of alleged police misconduct involving false swearing out of criminal complaints, perjury, or fabrication of evidence occurring within a reasonable time before his arrest by the officers involved in plaintiff's arrest, and directed plaintiff to obtain discovery using Freedom of Information Law (FOIL) requests or by searching public records, unanimously modified, on the law, to the extent of deleting those portions of the order limiting discovery to incidents of alleged misconduct only by officers involved in his arrest and directing plaintiff to obtain discovery under FOIL and search public records instead of serving document requests under CPLR article 31, and otherwise affirmed, without costs.
Plaintiff asserts, among other causes of action, a Monell claim under 42 USC § 1983 for municipal liability based on an alleged unconstitutional policy or practice by respondents the City of New York and the New York City Police Department — namely, allowing officers to swear out false criminal charges, testify falsely at trial, and falsify evidence, all without consequences (see Monell v Department of Social Servs. of the City of New York, 436 US 658, 694 [1978]).
Supreme Court providently declined to compel disclosure in response to the supplemental demands as served (CPLR 3124; see M.P. v Jewish Bd. of Family & Children's Servs., 211 AD3d 584, 584-585 [1st Dept 2022]). As for the request seeking training materials related to handling confidential informants and conducting surveillance, defendants properly asserted the law enforcement privilege. The information sought falls within the aegis of that privilege, which protects "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise . . . interfere[] with an investigation" even if the investigation is no longer ongoing (Matter of City of New York, 607 F3d 923, 944 [2d Cir 2010] [internal quotation marks omitted]).
The court also appropriately limited future requests to complaints or disciplinary charges involving conduct similar to that alleged in the complaint, instead of allowing the broader category of all allegations of false arrests and malicious prosecutions (see Younger v City of New York, 2006 WL 1206489, *1, 2006 US Dist LEXIS 25879, *3 [SD NY, May 2, 2006, No. 03-Civ-8985 (VM/MHD)]; Cathers v Barnes, 8 AD3d 215, 215 [1st Dept 2004]). Similarly, the court properly limited future requests to a reasonable period predating plaintiff's arrest, since "[*2]contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates'" (Connick v Thompson, 563 US 51, 63 n 7 [2011], quoting City of Canton v Harris, 489 US 378, 395 [1989] [O'Connor, concurring in part and dissenting in part]; see also White v County of Suffolk, 2022 WL 1154839, *3, 2022 US Dist LEXIS 71684, *9 [ED NY, Apr. 19, 2022, 20-CV-1501 (JS/JMW)]).
However, Supreme Court improvidently exercised its discretion with respect to plaintiff's requests seeking records of complaints and investigations of allegedly similar conduct by officers in the same task force, as those requests did not, in fact, constitute a fishing expedition (see Barbara v MarineMax, Inc., 2013 WL 1952308, *2, 2013 US Dist LEXIS 67018, *5 [ED NY, May 10, 2013, 12-CV-368 (ARR/RER)]). Plaintiff limited his requests to officers assigned only during the six months before his arrest (see White, 2022 WL 1154839, at *2-3, 2022 US Dist LEXIS 71684, at *7), and his reference to lawsuits, investigations by the Internal Affairs Bureau, and complaints to the Civilian Complaint Review Board also sufficiently identified documents sought with "reasonable particularity" (CPLR 3120[2]; see Fox v Roman Catholic Archdiocese of N.Y., 202 AD3d 1061, 1062 [2d Dept 2022]). Without allowing disclosure of allegations of misconduct by other officers, it is unlikely that plaintiff could demonstrate "that the municipality had a custom or practice that was both widespread and reflected a deliberate indifference to its citizens' constitutional rights" (De Lourdes Torres v Jones, 26 NY3d 742, 768 [2016]).
Furthermore, Supreme Court should not have imposed a limitation precluding plaintiff from seeking records directly from defendants instead of under FOIL. "When a public agency is one of the litigants, . . . it has the distinct disadvantage of having to offer its adversary two routes into its records" (Mosey v County of Erie, 148 AD3d 1572, 1575 [4th Dept 2017], quoting Siegel, NY Prac § 348 at 581 [5th ed 2011]), and the availability of FOIL does not replace the concomitant right to disclosure under the CPLR.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023