Roberts v City of New York (2025 NY Slip Op 03639)

Roberts v City of New York

2025 NY Slip Op 03639

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 817268/21|Appeal No. 4585|Case No. 2024-04777|

[*1]Gillian Roberts, Plaintiff-Appellant,
v
The City of New York Defendant-Respondent, Captain Jeffrey Brienza, Defendant.

The Law Office of Fred Lichtmacher PC, New York (Fred Lichtmacher of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 28, 2024, which, following an in camera review, denied plaintiff's motion to compel defendant City of New York to disclose the Internal Affairs Bureau (IAB) file pertaining to prior complaints involving defendant Captain Jeffrey Brienza, unanimously affirmed, without costs.
Upon review of the sealed records, we determine that the motion court providently exercised its discretion in denying plaintiff's motion to compel disclosure of defendant Brienza's IAB file. The incident or incidents recorded in the IAB file occurred some 14 years before the incidents alleged in the complaint and were dissimilar to the conduct alleged in the complaint (see Badia v City of New York, 214 AD3d 551, 552-553 [1st Dept 2023]). Given the dissimilarity and remoteness in time of the incident(s) in the IAB file, the court also properly considered their lack of substantiation (cf. Bradley v City of New York, 2005 US Dist LEXIS 22419, *3-4, 2005 WL 2508253, *1, [SD NY, Oct. 3, 2005, 04 Civ 8411 (RWS) (MHD)] [unsubstantiated complaints may be relevant "depending on the nature of the accusations" or if the complaints "reflect a pattern" of behavior]). Accordingly, even under a liberal discovery standard, disclosure was properly denied since the information sought was not material and necessary (see Manley v New York City Hous. Auth., 190 AD2d 600, 600 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025