New York State Div. of Hous. & Community Renewal v Zara Realty Holding Corp. (2025 NY Slip Op 05465)

New York State Div. of Hous. & Community Renewal v Zara Realty Holding Corp.

2025 NY Slip Op 05465

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 450245/19|Appeal No. 4866|Case No. 2023-05732|

[*1]New York State Division of Housing and Community Renewal, et al., Plaintiffs-Respondents,
v
Zara Realty Holding Corp., et al., Defendants-Respondents.

Adam Letman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants.
Letitia James, Attorney General State of New York (Andrea W. Trento of counsel), for respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about October 12, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel the production of documents and the deposition of attorneys employed by plaintiff New York State Division of Housing and Community (DHCR), unanimously affirmed, without costs.
Defendants Zara Realty Holding Corp. and 40 other individuals and entities affiliated with Zara Realty (collectively, the Zara defendants) own and manage 32 residential apartment buildings in Queens, New York. Plaintiffs DHCR and the People of the State of New York, by Letitia James, Attorney General of the State of New York (Attorney General) commenced this action against the Zara defendants seeking damages and injunctive relief for alleged persistent rent overcharges in violation of the Rent Stabilization Law and Rent Stabilization Code.
During discovery, plaintiffs turned over approximately 5,448 documents in response to defendants' demands and withheld approximately 805 documents, claiming that one or more privileges applied. Upon defendants' motion to compel the production of the claimed privileged documents, the court conducted an in camera review of a sample of documents as selected by defendants including documents exchanged, prior to plaintiffs' commencement of this action, between DHCR, various tenant advocacy groups, and certain New York City agencies, which collaborated to investigate the potential landlord overcharges.
Supreme Court providently declined to compel disclosure because the documents sought are protected by the law enforcement privilege and the common interest privilege. The law enforcement privilege applies because the documents sought to be protected would reveal the nonroutine techniques and procedures used by DHCR, the Attorney General, and the tenant advocacy groups to identity potential landlord overcharges, including organized inspections conducted with city agencies and tenant advocacy groups in a collaborative effort (see Badia v City of New York, 214 AD3d 551, 552 [1st Dept 2023]). At all pertinent times, the tenants moved forward on their overcharge disputes against defendants, first through the assistance of the tenant advocacy groups and the DHCR, and ultimately, through plaintiffs, who have commenced the instant action on the tenants' behalf.
The court also providently found that the common interest privilege applies. The sample of privileged documents inspected made clear that DHCR, tenant advocacy groups, and the Attorney General worked together to investigate defendants' alleged overcharges, to offer the tenants legal advice, and to pursue legal remedies to seek redress for the tenants, as well as end defendants' alleged persistent overcharge practices (see Kindred Healthcare, Inc. v SAI Global Compliance, Inc., 169 AD3d 517, 517 [1st Dept 2019]; see also Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 625 [2016]).
Insofar as defendants sought to compel depositions of the DHCR's employee-attorneys who interviewed the tenants and took written notes that plaintiffs thereafter exchanged with defendants in discovery, the court providently found that defendants did not show that the depositions are material and necessary. The DHCR's attorneys lacked personal knowledge of the tenants' complaints, and the information defendants sought was available through other sources such as tenant records and tenant depositions (see People v National Rifle Assn. of Am., 223 AD3d 631, 632 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025