■ REBECCA LUKOWSKY, Appellant, v GENE SHALIT et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered August 29, 1989, which granted reargument of an order of the same court, entered April 18, 1989, granting a motion by defendants to compel disclosure of plaintiff's Federal and State income tax returns for the years 1978 through 1989, based upon an alleged stipulation to provide such matter, and, upon reargument, adhered to the prior decision, unanimously modified, on the law, the facts, and in the exercise of discretion, to deny such disclosure, and is otherwise affirmed, with costs. The appeal from the earlier order is dismissed as subsumed within the appeal from the latter order.

In this action plaintiff claims that defendants, through the use of a fraudulent subleasing scheme, stripped her of her tenancy in a residential apartment with the result that she lost her opportunity as an "insider" tenant to purchase her apartment at an advantageous price when the building converted to cooperative ownership. Her damages are measured by the difference in value between the insider price and the market value of the apartment.

We find the motion court's order compelling the production of over a decade of Federal and State tax returns to be erroneous and an improvident exercise of discretion. We are not persuaded that a coherent stipulation for this onerous

disclosure was effectively fashioned between counsel in the course of plaintiff's oral deposition, but even if such were the situation, the court should have relieved plaintiff of this burden upon the facts disclosed in this record. This case falls squarely within the general rule that "[a] party will not be required to produce income tax returns in a particular action unless the record presents a strong necessity for such disclosure in order for the party to prove its cause of action or defense" *(Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830). Furthermore, the relevance of plaintiff's tax returns to the proof of her damage claim has not been demonstrated by defendants. Assuming plaintiff's tax returns reveal modest or low income, this circumstance will only bear tangentially on her ability to obtain financing in order to avail herself of this lost economic opportunity. Concur—Sullivan, J. P., Ross, Wallach and Smith, JJ.