■ MARY SHANNON STEINBERG et al., Respondents, v MONTE-FIORE MEDICAL CENTER et al., Appellants. [808 NYS2d 6]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered June 21, 2004, which, in an action for medical malpractice seeking to recover, on behalf of the infant plaintiff, for personal injuries sustained during her birth, and on behalf of plaintiff mother, the "fair value of the extraordinary care" the infant will require, insofar as appealed from as limited by the briefs, denied defendants' motions to strike the note of issue and compel a further deposition of the mother, unanimously modified, on the law and the facts, to strike the note of issue and direct a further deposition of the mother in accordance with the decision herein, and otherwise affirmed, without costs.

While defendants' motion for a further deposition was, in effect, an application to compel the mother to answer questions at her deposition to which she had objected, and although the denial of such a motion is not appealable as of right (*Caraballo v New York Hosp.*, 170 AD2d 190 [1991]), we sua sponte deem the notice of appeal to be an application pursuant to CPLR 5701 (c) for leave to appeal, and grant such leave. Upon the basis of evidence that the infant's deficits could relate to her exposure in utero to teratogen, defendants seek further disclosure relating to the mother's drug use. Notably, that evidence comes not only from defendants' examining physician but also from the infant's treating physician. Clearly, the mother's drug use during her pregnancy is material and necessary and otherwise disclosable (*see Napoleoni v Union Hosp. of Bronx*, 207 AD2d 660 [1994]). So too is her treatment for prescription drug abuse, where the records relating thereto, although

postdating the birth by some four years, document a history of prescription drug use going back some four years before the birth. This evidence indicates a possibility of abuse of prescription drugs at or about the time of the pregnancy sufficient to warrant further inquiry into such issues as when the mother began abusing prescription medications, who gave prescriptions to her, and for how long the abuse occurred (*see id.; Williams v Roosevelt Hosp.*, 66 NY2d 391 [1985]). Testimony responsive to questions concerning the mother's forgery of a prescription also would not be protected by the physician/patient privilege. Inquiries into the forgery and drug abuse are independently relevant as to the credibility of the mother's claim that the child's condition, not her drug use, is the reason she has not been able to work. We need not and do not decide whether other claims of privilege validly could be asserted with respect to any of the questions to which the mother objected. All we need and do decide is that no claim of physician/patient privilege properly can be asserted with respect to the questions inquiring into the mother's drug use. On this record, those questions bear on the key issue of whether the infant's condition was caused not by defendants' alleged negligence but by the mother's drug use. Finally, at the very least, we find it disturbing that the parties appear to have ignored the court order of October 29, 2003, which directed the further deposition of plaintiff to be conducted before a judicial hearing officer. We hereby once again direct the parties to comply with that directive. Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.