40 RECTOR HOLDINGS, LLC, et al., Respondents, v THE TRAVELERS INDEMNITY COMPANY, Appellant. [836 NYS2d 173]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 20, 2006, which, insofar as appealed from as limited by the briefs, granted plaintiffs' cross motion to compel defendant to produce certain documents and employees for depositions, unanimously modified, on the law and the facts, those aspects of the cross motion seeking to compel disclosure of items 5 through 9 in plaintiffs' January 30, 2006 notice for discovery and to compel the deposition of Busson denied, and otherwise affirmed, without costs.

Defendant issued a property insurance policy to plaintiffs covering plaintiffs' commercial premises located at 40 Rector Street. The building on the premises sustained damage as a result of the collapse of the North and South Towers of the World Trade Center. Defendant paid portions of the claims plaintiffs made pursuant to the policy but refused to pay for damage sustained by the facade of the building on the ground that such damage was preexisting and otherwise lacked a causal connection to the towers' collapse.

Plaintiffs commenced this action against defendant for breach of the policy, claiming that the damage to the facade was covered under the policy. Plaintiffs subsequently moved to compel disclosure of: (1) documents relating to the calculation and communication of file estimates, i.e., reserves, (2) copies of all claims service incentive compensation programs for a $3\frac{1}{2}$-year period, (3) copies of performance reports of three of defendant's employees for a five-year period, (4) information relating to the

compensation of three of defendant's employees, and (5) information relating to reserves and modifications thereto. Plaintiffs also sought to depose two of defendant's employees, Busson and Sullivan. Supreme Court granted the motion in its entirety, and this appeal ensued.

Supreme Court erred in granting that aspect of plaintiffs' motion seeking to compel defendant to produce the requested documents and information since such are not material and necessary to this coverage action (*see Karta Indus. v Insurance Co. of State of Pa.*, 258 AD2d 375 [1999] [reserves]; *Streamline Capital, L.L.C. v Hartford Casualty Ins. Co.*, 2004 WL 2609575, 2004 US Dist LEXIS 23268 [SD NY 2004] [same]; *Sundance Cruises Corp. v American Bur. of Shipping*, 1992 WL 75097, 1992 US Dist LEXIS 3759 [SD NY 1992] [same]; *Brown v Paul Revere Life Ins. Co.*, 2001 WL 1230528, 2001 US Dist LEXIS 16626 [SD NY 2001] [information regarding compensation of defendant's employees]; *see generally Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403 [1968]). Specifically, neither the requested documents and information nor the motives of defendant's employees in adjusting the claim—whatever they may have been—are at all relevant to the issues in this case, namely, whether the facade damage preexisted September 11, 2001 and whether any part of the damage was caused by "earth movement." Similarly, Supreme Court erred in compelling defendant to produce Busson for a deposition since her testimony is not material and necessary to this action. In its reply brief, defendant states that it does not object to producing Sullivan for a deposition "to the extent plaintiffs are precluded from questioning him on the Demanded Information, any privileged material or any other improper matter." Accordingly, we have no occasion to review that aspect of the order requiring defendant to produce Sullivan for a deposition. Needless to say, we expect that deposition to proceed in accordance with this decision and the law governing such examinations. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.