In this sexual harassment action, plaintiffs allege, inter alia, being tricked into viewing naked pictures by defendant Russell Abrams. Thus, the motion court properly directed the exchange of the CD containing those alleged photographs, since they are material and necessary to the prosecution of this action (CPLR 3101; see also Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Anonymous v High School for Envtl. Studies, 32 AD3d 353 [1st Dept 2006]). Given the personal nature of the photographs, we direct that the CD not be disseminated to anyone unconnected to the litigation.
However, defendants’ demands for authorizations to obtain plaintiffs’ entire cell phone and text message records, educational histories post-high school and complete employment files are overbroad (see Manley v New York City Hous. Auth., 190 *527 AD2d 600 [1st Dept 1993]). Since Culicea’s resignation letter arguably placed her academic status in issue, defendants should be permitted an authorization directing disclosure of her law school enrollment dates, beginning with her employment at defendants’ hedge fund. Defendants’ demands for plaintiffs’ employment histories should be granted to the limited extent of providing plaintiffs’ past wage histories and names of positions held, since plaintiffs have only placed their work histories at issue in the context of their financial worth as employees.
Regarding defendants’ demand for access to plaintiffs’ social media sites, they have failed to offer any proper basis for the disclosure, relying only on vague and generalized assertions that the information might contradict or conflict with plaintiffs’ claims of emotional distress. Thus, the postings are not discoverable (see Tapp v New York State Urban Dev. Corp., 102 AD3d 620 [1st Dept 2013]).
Lastly, defendants correctly assert that prior criminal convictions and pleas of guilty are relevant and discoverable (CPLR 4513; see also Sansevere v United Parcel Serv., 181 AD2d 521 [1st Dept 1992]). However, “[a] youthful offender adjudication is not a judgment of conviction for a crime or any other offense” (CPL 720.35 [1]). Thus, defendants cannot compel disclosure of the details of a youthful offense, since that would “ contravene [ ] the goals envisioned by the youthful offender policy” (State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 36 [2d Dept 1997]; see also Auto Collection, Inc. v C.P., 93 AD3d 621, 622 [2d Dept 2012]). Nothing in the record suggests that the evidence sought would serve as collateral estoppel to the claim, or is relevant in some other manner that would serve as an exception to that general rule (see Green v Montgomery, 95 NY2d 693 [2001]). Concur — Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.