DEIDRE L. HARGROVE, Appellant, v RIVERBAY CORPORATION, Respondent, et al., Defendants. [9 NYS3d 230]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 24, 2013, which granted defendant's motion for reargument, and upon reargument, inter alia, vacated that portion of the court's December 5, 2012 decision and order which had directed defendants to provide plaintiff with the names and last known address of all of its employees on July 24, 2004, and with authorizations for payroll tax records for 2004, unanimously affirmed, without costs.

The court did not improvidently exercise its discretion in granting defendant's motion for reargument on the basis that it had overlooked or misapprehended the relevant facts concerning the breadth of the discovery sought by plaintiff (*see e.g. Corporan v Dennis*, 117 AD3d 601 [1st Dept 2014]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992],

*lv dismissed in part and denied in part* 80 NY2d 1005 [1992]; CPLR 2221 [d]). Plaintiff provided no conceivable justification for the extremely broad discovery request, which was not material and necessary to the prosecution of her slip and fall claim, and would be unduly burdensome (*see Pecile v Titan Capital Group, LLC*, 113 AD3d 526 [1st Dept 2014]; *40 Rector Holdings, LLC v Travelers Indem. Co.*, 40 AD3d 482, 483 [1st Dept 2007]).

Plaintiff's request for defendant's payroll tax records for 2004 was also not material and necessary for the prosecution of her claims, and plaintiff failed to demonstrate a strong showing of overriding necessity to overcome the confidentiality of such information (*see Editel, N.Y. v Liberty Studios*, 162 AD2d 345, 346 [1st Dept 1990]; *Lukowsky v Shalit*, 160 AD2d 641, 642 [1st Dept 1990]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.