Marrero v Modern Food Ctr. Inc. (2022 NY Slip Op 05795)

Marrero v Modern Food Ctr. Inc.

2022 NY Slip Op 05795

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 21008/16 Appeal No. 16465-16466-16466A Case No. 2021-03390, 2021-03391, 2021-03394 

[*1]Yvette Marrero et al., Plaintiffs-Respondents,
v
Modern Food Center Inc. et al., Defendants-Appellants. (And a Third-Party Action.)

Newman Law Associates PLLC, New York (Jon E. Newman of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Yvette Marrero, respondent.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for Melissa Gonzalez, respondent.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 27, 2021, which, to the extent appealed from, limited defendants' further depositions of plaintiffs, unanimously affirmed, with costs. Appeals from orders (Laura G. Douglas, J.), entered on or about March 27, 2019 and December 5, 2019, unanimously dismissed, without costs, as superseded by the August 27, 2021 order.
While the orders are not appealable as of right (see Tommy Hilfiger U.S.A. v Insurance Co. of N. Am., 239 AD2d 255, 255 [1st Dept 1997]), we deem the notices of appeal to be applications for leave to appeal pursuant to CPLR 5701 (c), and grant such leave (see Steinberg v Montefiore Med. Ctr., 23 AD3d 281, 281 [1st Dept 2005]). The court providently exercised its discretion in limiting the further deposition of plaintiff Yvette Marrero "to the 4-corners of the video" and that of plaintiff Melissa Gonzalez "to questions not previously addressed at [her] prior deposition." Defendants failed to explain how the late disclosure of the video necessitated unrestricted further depositions on all liability issues. They likewise fail to demonstrate that the limitations prejudiced them or deprived them of testimony relevant to their defense, since plaintiff was questioned on the still photographs taken from the subject video at issue during her deposition (see Hutton v Aesthetic Surgery, P.C., 161 AD3d 595, 596 [1st Dept 2018]; Hargrove v Riverbay Corp., 128 AD3d 464, 465 [1st Dept 2015]). Similarly, defendants' argument that Gonzalez's late disclosure of psychiatric records entitled them to further deposition of Gonzalez on all damages issues is unavailing.
Defendants' contention that Modern Food Center Inc. is entitled to an unlimited deposition of Gonzalez because her action against it was not commenced until after the initial depositions were conducted is improperly raised for the first time on appeal (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]), and is otherwise without merit under the circumstances presented here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022