Diaz v City of New York (2024 NY Slip Op 04740)

Diaz v City of New York

2024 NY Slip Op 04740

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 301016/10 Appeal No. 2668-2669 Case No. 2023-04777, 2024-00733

[*1]Migdalia Diaz, as Administratrix of the Estate of Felix Colon, Deceased, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.

Alexander J. Wulwick, New York for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Michael Snow of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 28, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion for a protective order prohibiting plaintiff from asking any hypothetical questions during the deposition of City Medical Examiner, Kristen Landi, M.D., unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied. Appeal from order, same court and Justice, entered on or about December 8, 2023, which, to the extent appealed from, denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Although orders deciding motions made on notice are generally appealable as of right (CPLR 5701[a][2]), this Court has held that orders that consist of "[r]ulings directed to an examination before trial, whether made upon motion papers or not, are not appealable as of right" (Ward v City of New York, 226 AD3d 493 [1st Dept 2024]; see Tommy Hilfiger U.S.A. v. Insurance Co. of N. Am., 239 AD2d 255, 255 [1st Dept 1997]). In the exercise of discretion, we deem the notice of appeal from the July 28, 2023 order to be an application for leave to appeal pursuant to CPLR 5701(c), and grant such leave (see Marrero v Modern Food Ctr. Inc., 209 AD3d 533, 533-534 [1st Dept 2022]).
The court improvidently exercised its discretion in prospectively directing that no hypothetical questions would be permitted during the deposition of Dr. Landi, without knowing what those questions might be. Rulings on the propriety of such questions should be made only after a specific question has been asked and its answer refused (see K.S. v City of New York, 56 AD3d 527, 528 [2d Dept 2008]). Evidence of the decedent's condition as observed by Dr. Landi when she performed the autopsy is relevant to plaintiff's claims, particularly the claim that the police officers, who were employed by the City and pursuing the decedent at the time of the alleged incident, negligently and proximately caused the decedent's death by stuffing plastic bags containing narcotics into his mouth and throat, thereby suffocating him (see Glass v Rochester Gen. Hosp., 74 AD2d 732-733 [4th Dept 1980]). Because Landi conducted the decedent's autopsy, she can be examined not only with respect to the circumstances of that autopsy, but also may be required to give expert opinion testimony relating to the autopsy (see Hardter v Semel, 197 AD2d 846, 846 [4th Dept 1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024