Robinson v Redleaf Capital LLC (2026 NY Slip Op 01863)

Robinson v Redleaf Capital LLC

2026 NY Slip Op 01863

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 810417/23|Appeal No. 6209|Case No. 2025-02516|

[*1]Herschell Robinson, Plaintiff,
vRedleaf Capital LLC et al., Respondents, Dezer Properties 48 LLC, Appellant.

Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for respondents.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about February 18, 2025, which, to the extent appealed from as limited by the briefs, denied defendant Dezer Properties 48 LLC's motion pursuant to CPLR 3124 to compel defendants Redleaf Capital LLC and Superior Management Incorporated to produce their previously deposed deposition witness to respond to additional questions, unanimously affirmed, without costs.
Although the order, insofar as appealed from, is not appealable as of right (see Marrero v Modern Food Ctr. Inc., 209 AD3d 533, 533 [1st Dept 2022]), we deem the notice of appeal to be an application for leave to appeal pursuant to CPLR 5701(c), and grant such leave (see id. at 533-534).
In this trip and fall case, plaintiff alleges that he tripped over a raised sidewalk flag in front of 46 and 48 West 21st street in Manhattan. Redleaf Capital, the owner of 46 West 21st street, and Superior Management, its property manager, produced a witness for a deposition conducted by Dezer, the owner of 48 West 21st Street. During the deposition, counsel directed Redleaf and Superior Management's witness not to answer questions posed by Dezer's counsel about subsequent remedial measures taken to repair the sidewalk.
Dezer's motion to compel Redleaf and Superior Management to produce their witness for a further deposition to respond to the questions about remedial measures was procedurally deficient and thus, denial was warranted. Dezer concedes that during the 45 days that elapsed between the deposition and the filing of its motion to compel, it made no good-faith efforts to resolve the dispute without motion practice and that it failed to provide good cause as to why no efforts to do so were made (see Uniform Rules for Trial Cts [22 NYCRR] § 202.7[c]; see e.g. Loeb v Assara N.Y. I L.P., 118 AD3d 457, 457-458 [1st Dept 2014]).
On the merits, we find that the court providently exercised its discretion in precluding the further deposition of the witness on the issue of post-accident remedial measures and that Dezer failed to demonstrate that the discovery sought was material and necessary to the defense of the action, as the ownership of the respective properties
abutting the sidewalk is undisputed (see Alvarez v 471 W. 144 LLC, 243 AD3d 522, 522 [1st Dept 2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026