■ AQ Asset Management LLC et al., Respondents, v Michael Levine, Respondent, and Habsburg Holdings Ltd. et al., Appellants. Allen/Orchard, LLC, Nonparty Respondent. [31 NYS3d 32]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 14, 2014, which granted plaintiffs' motion to quash notices of deposition served by defendants Habsburg Holdings Ltd. and Osvaldo Patrizzi (the sellers), unanimously affirmed, with costs. Orders, same court and Justice, entered January 9, 2015, which, insofar as appealed from as limited by the briefs, denied the sellers' motion to hold nonparty Allen/Orchard LLC in civil contempt, granted Allen/Orchard's cross motion for sanctions, granted the motion of nonparty Kenrock Enterprises, LLC to quash the sellers' subpoena, and granted the motion of defendant Michael Levine to quash their notice of deposition, unanimously affirmed, with costs. Order, same court and Justice, entered April 20, 2015, which granted Allen/Orchard's motion to quash two subpoenas and, sua sponte, sanctioned the sellers, unanimously affirmed, with costs.

The court providently exercised its discretion (*see e.g. Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952, 953-954 [1998]) by granting plaintiffs' motion to quash. Having reviewed the excerpts of plaintiff Evan Zimmermann's deposition that are in the record, we agree with the IAS court that he was not evasive, and that a further deposition is therefore unwarranted. Assuming, arguendo, that the sellers' argument about constructive trust is a pure issue of law that can be raised for the first time on appeal (*see generally Branham v Loews Orpheum Cinemas, Inc.,* 31 AD3d 319, 323 n 2 [1st Dept 2006], *affd* 8 NY3d 931 [2007]), we note that Zimmermann's deposition testimony already allowed the sellers to trace the $2 million at issue from Levine to Zimmermann to plaintiff Antiquorum USA, Inc. We further note that, on the instant appeal, the sellers are seeking discovery beyond that required by the $2 million claim that we reinstated in 2014 (*AQ Asset Mgt., LLC v Levine,* 119 AD3d 457 [1st Dept 2014]).

The court properly denied the sellers' motion to hold Allen/Orchard in contempt. One of the requirements for contempt is disobedience of an order (*see e.g. Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). Allen/Orchard obeyed the order entered September 5, 2014, which directed it to respond to the sellers' June 18, 2014 subpoena. The order noted that the subpoena sought information concerning a single, specified payment. As the court found in the January 2015 order appealed from, Allen/Orchard actually provided more documents than required.

"While discovery should be liberal, the information sought must be material and necessary, and meet a test of usefulness and reason" (*Manley v New York City Hous. Auth.*, 190 AD2d 600, 600 [1st Dept 1993] [internal quotation marks omitted]). The negotiations between nonparties Allen/Orchard and Kenrock for a lease are far afield from the issue of whether Levine misappropriated $300,000 from the sellers.

It was not an improvident exercise of discretion for the court to find the sellers' conduct frivolous and to sanction them (*see e.g. Great Am. Ins. Cos. v Bearcat Fin. Servs., Inc.*, 90 AD3d 533 [1st Dept 2011], *lv dismissed* 18 NY3d 951 [2012]).

With respect to the April 2015 order appealed from, the sellers contend that they needed certain documents from Allen/Orchard and its counsel, nonparty Rex Whitehorn & Associates, P.C., to prepare for the fee hearing before the special referee that the court ordered in January 2015. This issue is moot, as the hearing has already taken place. If the sellers can make a non-frivolous argument that they were ambushed at the hearing because they did not have the subpoenaed documents in advance thereof, they can raise that issue in their future appeal from the sanctions judgment. We note that the sellers did receive Whitehorn's detailed affidavit and the relevant bill that his firm sent its client before the hearing. They did not need all records relating to Allen/Orchard's legal fees for the entire proceeding, as opposed to just the motion for which the court awarded fees. Furthermore, the sellers' claim that cross-examination of Allen/Orchard might reveal inconsistencies between the amounts claimed by Whitehorn and the amounts actually paid by Allen/Orchard is a " 'hypothetical speculation[ ] calculated to justify a fishing expedition' " (*Manley*, 190 AD2d at 601).

We have considered the sellers' remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.