Currid v Valea (2020 NY Slip Op 03590)





Currid v Valea


2020 NY Slip Op 03590


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11289 156424/16

[*1] Mary Currid, et al., Plaintiffs-Appellants,
v
Patricia Valea, Defendant-Respondent.


Law Office of Alexander P. Kelly, P.C., New York (Alexander P. Kelly of counsel), for appellants.
The law Office of Craig A. DiPrima PLLC, Huntington (Craig A. DiPrima of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 25, 2019, which, upon the court's having previously resolved the parties' respective motions to compel production of each others' tax returns for the years 2010 through 2016 by directing them to submit the returns to the court for an in camera review, ordered plaintiffs to produce redacted tax information for the years 2010 to 2013, revealing only name and address, filing status and income sections, unanimously affirmed, without costs.
Plaintiffs claim that between 2010 and 2016 defendant employed them as a caretaker for her ailing aunt and that defendant violated, inter alia, several sections of the Department of Labor Regulations (12 NYCRR) requiring overtime pay, a minimum wage, and additional pay for split shifts. Defendant denies that she was plaintiffs' employer for purposes of the regulations and provisions of the Labor Law, but admits that she paid plaintiffs by check from 2014 to 2016, albeit on her aunt's behalf. Plaintiffs claim they were paid in cash by defendant between 2010 and 2013. Defendant, who denies that she was the source of the cash payments, seeks plaintiffs' federal and state tax returns for 2010 to 2013, claiming she needs the returns to verify the cash amounts, as well as plaintiffs' assertion that they were employees, and not independent contractors.
While compelling disclosure of tax returns is generally disfavored (see Williams v New York City Hous. Auth., 22 AD3d 315 [1st Dept 2005]), here defendant demonstrated both that the specific information ordered disclosed was necessary to defend the action, and unavailable from other sources (see Gordon v Grossman, 183 AD2d 669, 670 [1st Dept 1992]). Since plaintiffs were paid in cash between 2010 and 2013 and there is no other evidence in the record establishing who paid their wages and how much they were paid during those years, defendant showed a specific need for the production of the three years of tax returns, which might show the amounts claimed by plaintiffs as income from the caretaker work, as well as whether they claimed the income as wages or as money earned through self-employment. Defendant demonstrated that investigating plaintiffs' bank accounts would be inconclusive, since pay deposited in the accounts could have been commingled with other amounts, and because one of the plaintiffs claimed that she used several banking institutions and did not make deposits on a predictable basis. We note that the court already inspected the tax returns in camera and deemed them relevant. Further, the redactions of those filings directed by the court's order ensures that discovery is narrowly tailored to the issues in controversy. Finally, the court's order does not constitute inappropriate judicial "pruning," since defendant did not serve a demand of which it can be said that "a substantial portion is overbroad, burdensome, or calls for irrelevant material or conclusions" (Editel, N.Y. v Liberty Studios, 162 AD2d 345, 346 [1st Dept 1990]). Nevertheless, to the extent plaintiffs are concerned about use of the tax returns for purposes [*2]unrelated to the action, they may seek an appropriate protective order.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK