Leventhal v Bayside Cemetery (2020 NY Slip Op 06955)





Leventhal v Bayside Cemetery


2020 NY Slip Op 06955


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 100530/11 Appeal No. 12471N Case No. 2020-1959 

[*1]Steven R. Leventhal, etc., Plaintiff-Appellant,
v
Bayside Cemetery et al., Defendants-Respondents, Community Association for Jewish At-Risk Cemeteries, Inc., et al., Defendants. Cleary Gottlieb Steen & Hamilton LLP, Nonparty Respondent.


Motley Rice LLC, New York (Michael M. Buchman of counsel), for appellant.
Axinn Veltrop & Harkrider LLP, New York (Russell Steinthal of counsel), for Bayside Cemetery and Congregation Shaarde Zedek, respondents.
Cleary Gottlieb Steen & Hamilton LLP, New York (Evan A. Davis of counsel), for Cleary Gottlieb Steen & Hamilton LLP, respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about July 31, 2019, which granted nonparty respondent's motion to quash plaintiff's subpoena for attorney time records, unanimously affirmed, without costs.
Plaintiff seeks production of presumptively privileged attorney time records (see Matter [*2]of Peerenboom v Marvel Entertainment, LLC, 160 AD3d 439, 440 [1st Dept 2018]) from a nonparty law firm on the belief that if there are no attorney billable time entries on dates when defendants have logged a communication as privileged, it is evidence that the communication was made in connection with the attorney's purported business, and not legal, representation. "While discovery should be liberal, the information sought must be material and necessary, and meet a test of usefulness and reason" (AQ Asset Mgt. LLC v Levine, 138 AD3d 635, 636 [1st Dept 2016] [internal quotation marks omitted]). The party seeking an attorney's legal bills must establish their relevance (Randall Co. LLC v 281 Broadway Holdings LLC, 132 AD3d 452 [1st Dept 2015]), and "[h]ypothetical speculation calculated to justify a fishing expedition" is improper (AQ Asset Mgt. 138 AD3d at 636 [internal quotation marks and brackets omitted]).
Here, plaintiff's assumption that attorney time records would ferret out presumptively nonprivileged documents is entirely speculative. This is particularly so when the law firm was representing defendants without any expectation of or intent to seek payment. Moreover, as we noted in a prior appeal, plaintiff's only remaining cause of action is to enforce a charitable trust (114 AD3d 162, 175 [1st Dept 2013], lv denied 24 NY3d 901 [2014]), which provides no independent basis for their production. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020