## US Pony Holdings, LLC v Fashion Footwear LLC

2024 NY Slip Op 31089(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 655022/2022

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MELISSA A. CRANE**      PART      **60M**

*Justice*

-------------------------------------------------------------------------X

US PONY HOLDINGS, LLC,

           Plaintiff,

     - v -

FASHION FOOTWEAR LLC,

           Defendant.

-------------------------------------------------------------------------X

FASHION FOOTWEAR LLC

           Plaintiff,

     -against-

ICON DE HOLDINGS LLC

           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655022/2022 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595052/2023

The following e-filed documents, listed by NYSCEF document number (Motion 005) 189, 190, 191, 192, 193, 194, 195, 196, 198, 202, 203, 204, 205, 206, 207, 208, 209, 210, 250

were read on this motion to/for      VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 181, 182, 183, 184, 185, 186, 187, 188, 197, 211, 212, 213, 214, 215, 216, 217, 218, 219, 251

were read on this motion to/for      DISCOVERY .

Defendant/Counterclaim Plaintiff Fashion Footwear LLC ("Fashion") has moved for an order compelling Plaintiff US Pony Holdings, LLC ("Pony") to produce documents in response to Requests 4, 13, 14, 17, 18, 21, 22, and 29 of Fashion's First Set of Requests for the Production of Documents (MS 06). Additionally, because Pony already filed the note of issue on January 18, 2024, certifying that the parties had completed all necessary discovery (Note of Issue, NYSCEF

655022/2022 US PONY HOLDINGS, LLC vs. FASHION FOOTWEAR LLC
Motion No. 005 006

Page 1 of 4

[* 1]

Doc. No. 170), Fashion has also moved to vacate that note of issue to allow for the additional discovery that it seeks in the motion to compel (MS 05).

The court denies Fashion's motion to compel. A party is not entitled to discovery where the party fails to show that the discovery is material and necessary to the prosecution or defense of claims in the case (*Pacelli v Peter L. Cedeno & Associates, P.C.*, 192 AD3d 560 [1st Dept 2021] [holding that plaintiffs were not entitled to information "unrelated to any elements of their claims"]; *Foster v Snow*, 221 AD3d 405, 406 [1st Dept 2023] [holding that the court "providently exercised its discretion in denying defendants' motion to compel" where the defendants "failed to show that this discovery was relevant and necessary to their defense of plaintiffs' claims"]). Further, a court will not enforce a discovery demand based on "hypothetical speculation[] calculated to justify a fishing expedition" (*see AQ Asset Management LLC v Levine*, 138 AD3d 635, 636 [1st Dept 2016] [citation and internal quotation marks omitted]).

Fashion seeks discovery related to Genesco, the licensee that allegedly replaced Fashion after Pony purportedly terminated its license agreement with Fashion. Fashion asserts that this discovery is relevant to show that Pony acted in bad faith in purportedly terminating the license agreement with Fashion. Fashion argues that Pony "intentionally breached the Pony License as a pretext for . . . replacing Fashion with Genesco" (Motion to Compel Opening Papers, NYSCEF Doc. No. 188, p. 2). Fashion asserts that this showing of bad faith would allow it to avoid an exculpatory clause in the license agreement that would otherwise bar Fashion's lost profits claim (*id.*; *see* License Agreement, NYSCEF Doc. No. 183, § 18.7). Fashion also asserts that Pony's alleged bad faith precludes Pony's equitable estoppel defense. The court rejects these theories.

An exculpatory clause such as section 18.7 is unenforceable when enforcement would immunize conduct that "smacks of intentional wrongdoing" (*Electron Trading, LLC v Morgan*

655022/2022  US PONY HOLDINGS, LLC vs. FASHION FOOTWEAR LLC
Motion No. 005 006

Page 2 of 4

2 of 4

*Stanley & Co. LLC*, 157 AD3d 579, 580-581 [1st Dept 2018] [citations and internal quotation marks omitted]). However, this type of intentional wrongdoing is that which is "unrelated to any legitimate economic self-interest" (*id.*, citing *Devash v German Am. Capital Corp.*, 104 AD3d 71, 77 [1st Dept 2013]). Here, all the evidence suggests that Fashion understood Pony was terminating the license agreement so that Pony could relaunch the brand (*see* Email from Morris Abraham of Fashion to Marcel Apfel of Iconix, NYSCEF Doc. No. 218 [stating that he "underst[ood] that the new owners want to take the brand upstairs" and trying to caution Iconix against "relaunching the brand"]). Regardless of whether Pony breached its license agreement with Fashion, Fashion has failed to provide any support for the claim that such breach was in bad faith to get around the exculpatory clause or Pony's equitable estoppel defense. Fashion's request for documents relating to Genesco's performance under the Genesco license appears to rely on the wholly speculative theory that "**if** Genesco failed to perform its obligations . . . and Pony did not terminate that license in response, it would tend to prove that Pony favored Genesco" (Motion to Compel Opening Papers, p. 12 [emphasis added]). Fashion has provided no support for its suggestion that Genesco's work was at all deficient, and this therefore amounts to an improper fishing expedition.

The court denies Fashion's motion to compel because there is no claim or defense to which the Genesco discovery would be relevant. Further, because Fashion's only purported basis for vacating the note of issue is to complete additional discovery related to Genesco, which the court has denied, the court also denies the motion to vacate the note of issue.

The court has considered the parties' remaining contentions and found them unavailing.

Accordingly, it is

**ORDERED** that Defendant/Counterclaim Plaintiff Fashion Footwear LLC's motion to vacate the note of issue (MS 05) is denied; and it is further

**655022/2022   US PONY HOLDINGS, LLC vs. FASHION FOOTWEAR LLC**
**Motion No.  005 006**

**Page 3 of 4**

3 of 4

**ORDERED** that Defendant/Counterclaim Plaintiff Fashion Footwear LLC's motion to compel discovery (MS 06) is denied.

<table>
<tr><td>04/01/2024<br>DATE</td><td></td><td colspan="2"></td><td>MELISSA A. CRANE, J.S.C.</td></tr>
</table>

| CHECK ONE: | | □ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | □ GRANTED | ☒ DENIED | □ GRANTED IN PART | □ OTHER |
| APPLICATION: | | □ SETTLE ORDER | | □ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | □ INCLUDES TRANSFER/REASSIGN | | □ FIDUCIARY APPOINTMENT | □ REFERENCE |

655022/2022  US PONY HOLDINGS, LLC vs. FASHION FOOTWEAR LLC
Motion No.  005 006

Page 4 of 4