## Big Mozz, Inc. v Bric Arts Media Bklyn, Inc.

2024 NY Slip Op 32961(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 656359/2022

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. LOUIS L. NOCK** | PART | 38M |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------------X

BIG MOZZ, INC.,

Plaintiff,

- v -

BRIC ARTS MEDIA BKLYN, INC., d/b/a BRIC ARTS
MEDIA, INC.,

Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 656359/2022 |
|---|---|
| MOTION DATE | 01/18/2024, 11/16/2023, 11/03/2023, 01/18/2024 |
| MOTION SEQ. NO. | 002 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 116, 117, 118, 119, 120, 121, 122, 123, and 133

were read on this motion by plaintiff for                          DISCOVERY                          .

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 106, 107, 129, 130, 131, and 132

were read on this motion by defendant for                          DISCOVERY                          .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 93, 94, 95, 96, 97, 108, 109, 110, 111, 112, 113, 114, 115, 125, 126, 127, 128, 134, and 135

were read on this motion by plaintiff for                          CONTEMPT                          .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 98, 99, 100, 101, 102, 103, 104, 105, 136, 137, 138, 139, and 140

were read on this motion by defendant to          QUASH SUBPOENA, FIX CONDITIONS          .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, plaintiff's motion to compel defendant to produce

responses to document demands and good-faith letters, or for preclusion (Mot. Seq. No. 002);

defendant's motion to compel plaintiff to respond to document demands (Mot. Seq. No. 003);

plaintiff's motion for contempt against a non-party (Seneca Mudd) for failure to comply with a

subpoena, as well as to compel same to respond to the subpoena and continue deposition (Mot.

Seq. No. 004); and defendant's motion to quash plaintiff's subpoena directed to a non-party

**656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.**
**Motion No.  002 003 004 005**

**Page 1 of 14**

[* 1]

(Mot. Seq. No. 005) are consolidated for disposition in accordance with the following memorandum.

## Background

This action arises out of an alleged breach of contract relating to a food and beverage operator agreement, dated May 24, 2021 (the "Agreement"). Pursuant to the Agreement, plaintiff Big Mozz, Inc. ("Big Mozz"), agreed to serve as the exclusive food and beverage operator for a festival hosted by defendant Bric Arts Media Bklyn, Inc. ("BRIC"). In March 2022, defendant terminated the Agreement due to plaintiff's alleged failure to pay the space use fee under the Agreement. Plaintiff, however, alleges that a side agreement between the parties provided for a profit-share arrangement, in lieu of the space use fee. In response to plaintiff's breach-of-contract claim, defendant brings counterclaims for breach of contract and tortious interference with a contract that defendant subsequently entered into with another vendor for the festival, Smorgasburg Events LLC ("Smorgasburg").

After three discovery conferences with the court to date (NYSCEF Doc. Nos. 63, 68, 71), plaintiff and defendant assert various deficiencies in the other's discovery responses or demands.

## Discussion

### Compel Discovery

CPLR 3124 provides that "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response." On a motion brought pursuant to CPLR § 3124, the burden is on the party seeking the disclosure to establish a basis for the production sought (*see, Crazytown Furniture, Inc. v Brooklyn Union Gas Co.*, 150 AD2d 420 [2d Dept 1989]; *accord, e.g., Rodriguez v Goodman,* 2015 WL 4554460

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 2 of 14

[Sup Ct, NY County 2015]). "[T]he party challenging disclosure bears the burden of establishing that the information sought is immune from disclosure" (*Ambac Assurance Corp. v DLJ Mortg. Capital, Inc.*, 92 AD3d 451, 452 [1st Dept 2012]). A party is not required to respond to discovery demands that are "palpably improper in that they sought, inter alia, irrelevant information, or were overbroad and burdensome" (*Montalvo v CVS Pharmacy, Inc.*, 102 AD3d at 842, 843 [2d Dept 2013]).

Where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126). "A complete failure to disclose is not a prerequisite to the imposition of sanctions pursuant to CPLR 3126, the relevant factor being whether the failure to disclose relevant documents at issue was willful and contumacious" (*Waltzer v Tradescape & Co., L.L.C.*, 31 AD3d 302, 303 [1st Dept 2006]). Willful and contumacious behavior may be inferred from repeated disregard of the court's discovery orders without reasonable excuse (*Rosengarten v Born*, 161 AD3d 515, 515 [1st Dept 2018]). "A determination of sanctions pursuant to CPLR 3126 lies in the trial court's discretion" (*Board of Mgrs. v Leardon Boiler Works, Inc.,* 178 AD3d 462, 462 [1st Dept 2019]).

A. *Plaintiff's Motion to Compel (Mot. Seq. No. 002)*

Plaintiff moves to compel defendant to produce responses to its First Notice for Discovery and Inspection, dated November 17, 2022 (NYSCEF Doc. No. 85), Second Notice for Discovery and Inspection, dated June 2, 2023 (NYSCEF Doc. No. 90), and good-faith letters, dated January 24, 2023 (NYSCEF Doc. No. 88), and July 17, 2023 (NYSCEF Doc. No. 122). Should defendant fail to do so, plaintiff moves to preclude defendant from offering any evidence at trial relating to the outstanding discovery.

656359/2022 BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No. 002 003 004 005

Page 3 of 14

3 of 14

As an initial matter, while the court agrees with defendant that the affirmation of good faith submitted by plaintiff's counsel is sparse on details regarding efforts to meet and confer (NYSCEF Doc. No. 84), the record taken, as a whole, sufficiently establishes plaintiff's attempts to obtain relevant discovery pursuant to Article 31 of the CPLR.

Specifically, plaintiff seeks to compel the following 11 categories of outstanding requests from its First and Second Notices for Discovery and Inspection,[1] limited to the time period of 2018 to the present (NYSCEF Doc. No. 84 ¶¶ 30, 32):

1. All documents and communications among BRIC employees regarding Big Mozz, the Festival, and the selection and hiring of a new food and beverage operator for the Festival.
2. All documents and communications between BRIC and Big Mozz regarding the Festival.
3. Communications between BRIC and Smorgasburg.
4. Contracts or agreements between BRIC, on the one hand, and any other vendor or concessioner, on the other hand.
5. Documents filed by BRIC to obtain a liquor license for the Festival.
6. Meeting minutes or agendas of meetings held by BRIC, its directors, or its shareholders.
7. Documents and communications relating to Seneca Mudd's employment with BRIC, including documents related to his resignation or termination from BRIC.
8. Documents and communications between counsel representing BRIC and any third-party witnesses or the third-party witnesses' counsel (i.e., Mr. McKenzie and Ms. Watanabe).
9. Documents and communications between current and former BRIC employees and the BRIC Board of Directors, discussing the deposition of any third-party witnesses.
10. Documents and communications between BRIC and its counsel relating to the engagement with third-party witnesses and/or third-party witnesses' counsel (excluding privileged material).
11. Documents and communications exchanged between current and former BRIC employees and Board member Mark S. Cheffo, regarding the 2021 Food and Beverage Operator Agreement, Big Mozz, and the Festival.

---

[1] Category no. 1 corresponds to Request nos. 2-5 in plaintiff's First Notice for Discovery and Inspection (NYSCEF Doc. No. 85); Category no. 2 to Request no. 6 in same; Category no. 3 to Request nos. 8 and 21 in same; Category no. 4 corresponds to Request no. 12 in same; Category no. 5 to Request no. 19 in same; and Category no. 6 to Request no. 25 in same. Category no. 7 corresponds to Request nos. 2, 4, 5, and 6 in plaintiff's Second Notice for Discovery and Inspection (NYSCEF Doc. No. 90); Category no. 8 to Request no. 9 in same; Category no. 9 to Request no. 10 in same; Category no. 10 to Request no. 11 in same; and Category no. 11 to Request nos. 12 and 13 in same.

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 4 of 14

4 of 14

Plaintiff has established that the documents sought in Category nos. 1 through 6 and 11 above are "material and necessary in the prosecution … of [this] action" (CPLR 3101). The test is one of "usefulness and reason" *(AQ Asset Mgt. LLC v Levine*, 138 AD3d 635, 636 [1st Dept 2016]). Information regarding plaintiff; the festival; food and beverage operators, vendors, or concessioners for the festival; the liquor license obtained for the festival; and contracts relating to the festival—sought in Category nos. 1 through 5 and 11—has a direct bearing on plaintiff's claim for breach of contract. The same is true for internal discussions of defendant's employees, including executives and board members, relating to the Agreement and the festival, sought in Category nos. 6 and 11. Therefore, defendant's objections are overruled, and defendant shall produce outstanding discovery in response to Category nos. 1 through 6 and 11.

However, plaintiff fails to demonstrate that Category nos. 7 through 10 above seek relevant information or "are reasonably calculated to lead to the discovery of relevant information" (*O'Halloran v Metro. Transportation Auth.*, 169 AD3d 556, 557 [1st Dept 2019]). Plaintiff argues that Category no. 7 is relevant because Seneca Mudd, defendant's former chief operating officer from November 2020 to December 2021, was in charge of the Agreement (NYSCEF Doc. No. 84 ¶ 34). Category no. 8, in particular, pertains to an email correspondence between defendant's counsel, Mr. McKenzie, and counsel for Mr. Mudd, Ms. Watanabe. In Mr. Mudd's deposition, Ms. Watanabe referred to an email from Mr. McKenzie, sent prior to Mr. Mudd's deposition, purportedly directing that Mr. Mudd refrain from responding to certain questions (NYSCEF Doc. No. 119 at 102-103). Based on this, plaintiff suspects the existence of a separation agreement between defendant and Mr. Mudd. Plaintiff argues that the separation agreement sought in Category no. 7, if it exists, and the email sought in Category no. 8, which defendant admits exists (NYSCEF Doc. No. 116 ¶ 61), are relevant to its claims because Mr.

**656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA,**                 **Page 5 of 14**
**INC.**
**Motion No.  002 003 004 005**

5 of 14

Mudd was in charge of the Agreement, and defendant terminated the Agreement around the same time that defendant allegedly terminated the employment of Mr. Mudd and other executives (NYSCEF Doc. No. 84 ¶ 34). Plaintiff, thus, maintains that the information sought in Category nos. 7 through 10 are relevant to "dismantling Defendant's intricate web of obfuscations" and "pattern of deliberate and systematic obstruction by Defendant" (NYSCEF Doc. No. 133 ¶ 11).

Other than temporal correlation between defendant's termination of the Agreement and alleged termination of Mr. Mudd's employment, plaintiff fails to offer any basis beyond speculation to warrant disclosure of such employment or separation agreements. Discovery demands are improper if they are based upon "hypothetical speculations calculated to justify a fishing expedition" (*Manley v New York City Housing Auth.*, 190 AD2d 600, 601 [1st Dept 1993]). Mr. Mudd's employment at BRIC, and subsequent resignation or termination, do not bear directly on the theory of this action that plaintiff must prove—the improper termination of the Agreement. Plaintiff also fails to establish the relevance of documents and communications between defendant's counsel and third-party witnesses or third-party witness's counsel, among defendant's employees, or between defendant and defendant's counsel relating to the deposition of, or engagement with, third-party witnesses, which are sought in Category nos. 7 through 10. Far from "sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]), disclosure of such information will likely accomplish the opposite.

Therefore, the plaintiff's motion to compel is granted to the extent that defendant shall, on or before October 15, 2024, provide supplemental responses to Category nos. 1 through 6 and 11 above and produce all documents responsive to the corresponding requests in plaintiff's First

656359/2022  BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 6 of 14

[* 6]

6 of 14

and Second Notices for Discovery and Inspection. To the extent that the documents enumerated above are not in defendant's possession, or cannot be located after a diligent search, defendant shall, on or before October 15, 2024, provide plaintiff with a *Jackson* affidavit (*see In Trade Expo Inc. v Sterling Bancorp*, 171 AD3d 634 [1st Dept 2019]; *Jackson v City of N.Y.,* 185 AD2d 768 [1st Dept 1992]) attesting to the fact that defendant either is not in possession of those documents or that it could not locate them after a diligent search, and describing the nature of the search that it undertook. If defendant has, in fact, already provided the particular item, it shall, on or before October 15, 2024, either provide plaintiff with proof that defendant has already provided it, or shall provide a courtesy copy of the item to the extent that there is no proof that defendant has already provided it.

As for plaintiff's application for preclusion in the event that defendant fails to produce the foregoing, plaintiff has not demonstrated that defendant has willfully failed to comply with discovery orders. The record reflects that defendant furnished responses to plaintiff's First and Second Notices for Discovery and Inspection, substantial amounts of pages of responsive documents, as well as a supplemental production following allegations of deficiency in plaintiff's good-faith letters, including a privilege log (NYSCEF Doc. Nos. 86, 118, 91; NYSCEF Doc. No. 116 ¶¶ 14, 19). Such conduct does not merit the imposition of discovery sanctions (*Glaser v City of New York*, 79 AD3d 600 [1st Dept 2010] ["The record reflects that the City adequately responded to discovery demands, albeit in response to several orders calling for production, as well as motions to strike"]).

B. *Plaintiff's Motion for Contempt and to Compel (Mot. Seq. No. 004)*

Plaintiff further moves for contempt against non-party Seneca Mudd for failure to comply with plaintiff's Subpoena Duces Tecum and Ad Testificandum, dated March 3, 2023 (NYSCEF

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005
Page 7 of 14

7 of 14

[* 7]

Doc. No. 95), as well as to compel Mr. Mudd to produce records responsive to said subpoena and continue deposition. Both defendant and the subpoenaed party oppose the motion.

An application for civil contempt requires proof that "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Further, it "must appear, with reasonable certainty, that the order has been disobeyed," that "the party to be held in contempt must have had knowledge of the court's order," and "that the movant was thereby prejudiced" (*id.*). The party applying for a contempt finding has the burden to prove these elements by "clear and convincing evidence" (*id.*). Both the CPLR and the Judiciary Law provide that the failure to appear and give testimony when subpoenaed to do so shall be punishable as a contempt of court (CPLR 2308[a] ["Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court"]; Judiciary Law § 753[A][5] [punishing for civil contempt "(a) person subpoenaed as a witness, for refusing or neglecting to obey the subpoena, or to attend, or to be sworn, or to answer as a witness"]).

As an initial matter, defendant argues that plaintiff's motion was procedurally improper for failure to submit an affirmation of good faith by plaintiff's counsel and failure to serve Mr. Mudd. The court finds that the record, taken as a whole, sufficiently establishes plaintiff's attempts to obtain relevant discovery pursuant to Article 31 of the CPLR (*see Moran v Grand Slam Ventures, LLC*, 221 AD3d 994, 996 [2d Dept 2023] ["In this case it was apparent that efforts to resolve the issue without the aid of the court would have been futile; therefore, the defendants' failure to comply with 22 NYCRR 202.7 (a) could be excused"]). The record further shows that plaintiff served the motion upon counsel for the subpoenaed party, Ms. Watanabe (NYSCEF Doc. No. 135).

**656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.**
**Motion No.  002 003 004 005**

**Page 8 of 14**

[* 8]

8 of 14

The court declines to hold Mr. Mudd in contempt, as plaintiff failed to demonstrate his disobedience of the subpoena. To the contrary, Mr. Mudd appeared for a deposition on May 17, 2023 (NYSCEF Doc. No. 96), and responded to the subpoena, albeit with general and specific objections, producing at least one document (NYSCEF Doc. No. 97). As stated in his response, Mr. Mudd found himself "between a rock and a hard place" (*id.* at 5) because defendant, his former employer, had objected to Mr. Mudd testifying or producing certain documents "and has threatened him should he comply" (*id.; see also id.* at 6, 8-9, 11-12, 14-17, 19-20, 22-23, 25-26).

Plaintiff has established that the information sought in its requests in the subpoena, except for Request no. 3, are material and necessary in the prosecution of this action (NYSCEF Doc. No. 95). As stated above, information sought therein regarding plaintiff; the festival; food and beverage operators, vendors, or concessioners for the festival; the liquor license for the festival; and contracts relating to the festival are clearly relevant to its claim. However, for the same reasons as above, plaintiff fails to show that Request no. 3, which pertains to Mr. Mudd's alleged termination from BRIC, bears directly on the issue of improper termination of the Agreement.

Therefore, the motion to compel is granted as to all requests, except for Request no. 3, in the Subpoena Duces Tecum and Ad Testificandum, to the extent that they seek production of documents that cannot be obtained from defendant and have not already been demanded from defendant pursuant to a Notice for Discovery and Inspection. Mr. Mudd shall, on or before October 15, 2024, provide supplemental responses to the subpoena and produce all documents responsive to the corresponding requests. To the extent that the documents requested are not in his possession, or cannot be located after a diligent search, Mr. Mudd shall, on or before October 15, 2024, provide the plaintiff with a *Jackson* affidavit (*see In Trade Expo Inc.*, 171 AD3d 634;

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005
Page 9 of 14

9 of 14

[* 9]

*Jackson*, 185 AD2d 768) attesting to the fact that he either is not in possession of those documents or that he could not locate them after a diligent search, and describing the nature of the search that he undertook. If Mr. Mudd has, in fact, already provided the particular item, he shall, on or before October 15, 2024, either provide plaintiff with proof that he has already provided it, or shall provide a courtesy copy of the item to the extent that there is no proof that defendant has already provided it.

The motion to compel Mr. Mudd to continue deposition is also granted. The record shows that after about three hours of questioning, counsel for the parties and Mr. Mudd adjourned the deposition to afford counselors the opportunity to make discovery motions, agreeing on the record to continue deposition thereafter (NYSCEF Doc. No. 109 at 120-126). Accordingly, the court grants leave to plaintiff to continue the deposition of Mr. Mudd.

C. *Defendant's Motion to Compel (Mot. Seq. No. 003)*

Defendant moves to compel production of two documents sought in its First Notice of Discovery and Inspection, dated September 1, 2022: plaintiff's complete 2020 tax returns, and all documents filed by or on behalf of plaintiff with the New York State Liquor Authority ("SLA") for a liquor license (Serial #1317708/1317709/1317710/1317711) in connection with the Festival (NYSCEF Doc. No. 74). Plaintiff stated general objections and specific objections to both requests (NYSCEF Doc. No. 75 ¶¶ 9, 12).

"[C]ompelling disclosure of tax returns is generally disfavored" (*Currid v Valea*, 184 AD3d 511 [1st Dept 2020]). "[T]ax returns generally are not discoverable in the absence of a strong showing that the information is indispensable to a claim or defense and cannot be obtained from other sources" (*Moran v Grand Slam Ventures, LLC*, 221 AD3d 994, 996 [2d Dept 2023]).

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA,
INC.
Motion No.  002 003 004 005

Page 10 of 14

Here, defendant fails to make the requisite showing. Defendant argues that the 2020 tax returns are necessary to clarify apparent discrepancies in plaintiff's financial and employment figures in documents produced by plaintiff in discovery. Although plaintiff's financial condition may be relevant to proving or disproving its damages, defendant fails to show that such information cannot be obtained from deposition or other sources. Defendant cites to *Four Aces Jewelry Corp. v Smith* (256 AD2d 42 [1st Dept 1998]) for the proposition that tax returns may be compelled to reconcile a variance in a party's financial valuations that raises an inference of possible fraud. However, no such inference of fraud is present or alleged here.

Turning to the SLA filings for the liquor license: these documents are unquestionably relevant to defendant's counterclaims. As the holder of the liquor license for the Festival, plaintiff was required to certify to the SLA that no fee-sharing arrangement exists and to file with the SLA the agreement setting forth the fee structure between the parties. Thus, documents filed with the SLA will likely shed light on the fee arrangement at issue here. To the extent that plaintiff objects to the disclosure of the SLA filings on the grounds of confidentiality or attorney-client privilege (NYSCEF Doc. No. 75 ¶ 12), the court finds that the documents sought, which are filings with a third-party state agency, are not privileged (*People v Osorio*, 75 NY2d 80, 84 [1989] ["Generally, communications made between a defendant and counsel in the known presence of a third party are not privileged."]). Furthermore, the parties entered into a confidentiality stipulation so-ordered by the court (NYSCEF Doc. No. 67).

Therefore, the motion to compel is granted to the extent that plaintiff shall, on or before October 15, 2024, provide a supplemental response and produce all documents responsive to Request no. 12 of defendant's First Notice of Discovery and Inspection. To the extent that the documents are not in plaintiff's possession, or cannot be located after a diligent search, plaintiff

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA,
INC.
Motion No.  002 003 004 005

Page 11 of 14

11 of 14

shall, on or before October 15, 2024, provide defendant with a *Jackson* affidavit (*see In Trade Expo Inc.*, 171 AD3d 634; *Jackson*, 185 AD2d 768) attesting to the fact that it either is not in possession of those documents or that it could not locate them after a diligent search, and describing the nature of the search that it undertook. If plaintiff has, in fact, already provided the particular item, it shall, on or before October 15, 2024, either provide defendant with proof that plaintiff has already provided it, or shall provide a courtesy copy of the item to the extent that there is no proof that plaintiff has already provided it.

**Quash Subpoena**

"A motion to quash is limited in scope, challenging only the validity of the subpoena or the jurisdiction of the issuing authority" (*Santangello v People*, 38 NY2d 536, 539 [1976]). "An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (*Technology Multi Sources, S.A. v Stack Global Holdings, Inc.*, 44 AD3d 931, 932 [2d Dept 2007] [internal quotation marks and citations omitted]).

A. *Defendant's Motion to Quash (Mot. Seq. No. 005)*

Additionally, defendant seeks to quash plaintiff's Subpoena Duces Tecum, dated September 7, 2023 (NYSCEF Doc. No. 100), directed to non-party Kristina Newman-Scott, whom defendant's counsel represents in connection with the subpoena on this motion.

Here, defendant raises a variety of procedural challenges to the subpoena. Defendant maintains that the subpoena was issued past the end date for all disclosure specified in the preliminary conference order, June 30, 2023 (NYSCEF Doc. No. 63). That order also fixed the same date as the note of issue date. However, in two subsequent compliance conference orders, the note of issue date was extended to July 31, 2023, and then to January 31, 2024 (NYSCEF

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 12 of 14

12 of 14

Doc. Nos. 68, 71), indicating that the discovery period had not closed at the time the subpoena was issued on September 7, 2023 (*see Arons v Jutkowitz*, 9 NY3d 393, 411 [2007] ["the filing of a note of issue denotes the completion of discovery"]). In the exercise of its broad discretion over the conduct of discovery (*Strout v CF E 88 LLC*, 213 AD3d 589, 590 [1st Dept 2023]), the court deems the subpoena timely.

As to its objections to the subpoena on relevance grounds, defendant fails to demonstrate that the discovery sought therein is "utterly irrelevant" to plaintiff's prosecution of the action or that the process would be futile (*Technology Multi Sources, S.A,* 44 AD3d at 932). Plaintiff maintains that Ms. Newman-Scott, who was defendant's president from 2018 to 2021, was involved in negotiating the Agreement. The information sought in the subpoena closely mirrors that sought in the subpoena issued to Seneca Mudd. Except for Request no. 3, pertaining to Ms. Newman-Scott's departure or termination from BRIC, the information sought bears directly on plaintiff's breach-of-contract claim. Therefore, the motion to quash is denied.

Accordingly, it is hereby

ORDERED that plaintiff's motion to compel (Mot. Seq. No. 002) is granted in part, to the extent that defendant shall respond to plaintiff's outstanding demands on or before October 15, 2024, and shall submit to plaintiff and the court, on or before then, a *Jackson* affidavit regarding the searches undertaken by defendant and certifying that all responsive documents in defendant's possession have been produced to plaintiff; and it is further

ORDERED that defendant's motion to compel (Mot. Seq. No. 003) is granted in part, to the extent that plaintiff shall respond to defendant's outstanding demands on or before October 15, 2024, and shall submit to plaintiff and the court, on or before then, a *Jackson* affidavit

656359/2022  BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 13 of 14

13 of 14

[* 13]

regarding the searches undertaken by defendant and certifying that all responsive documents in defendant's possession have been produced to plaintiff; and it is further

ORDERED that plaintiff's motion for contempt (Mot. Seq. No. 004) against non-party Seneca Mudd is denied, and the motion to compel his response to the subpoena and continue deposition is otherwise granted, to the extent that Seneca Mudd shall respond to plaintiff's outstanding demands on or before October 15, 2024, and within 45 days from production of the aforesaid documents, shall appear for deposition, at the office of counsel for plaintiff or virtually, on a date and at a time convenient for the parties; and it is further

ORDERED that defendant's motion to quash the subpoena (Mot. Seq. No. 005) directed to non-party Kristina Newman-Scott is denied; and it is further

ORDERED that counsel are directed to appear for a status conference in Room 1166, 111 Centre Street, on December 11, 2024, at 10:00 AM.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| | | |
|---|---|---|
| **8/20/2024** | | **LOUIS L. NOCK, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

656359/2022   BIG MOZZ, INC. vs. BRIC ARTS MEDIA BKLYN, INC. D/B/A BRIC ARTS MEDIA, INC.
Motion No.  002 003 004 005

Page 14 of 14

14 of 14

[* 14]